24567. SELF *v.* AMERICAN NATIONAL INSURANCE COMPANY.

JENKINS, P. J. The widow of a deceased beneficiary of an insurance policy insuring the life of her deceased husband's sister, sued the insurance company in tort for the recovery, as damages, of $8, premiums paid by the plaintiff, the $200 face amount of the policy, and $1200 as punitive damages. By amendment the $200 claim was stricken. The amended petition in effect alleged: that after the death of her husband, the beneficiary, plaintiff paid the premiums on the policy until the death of the insured; that "Mr. Smith, the agent of the defendant company, represented to your petitioner that, if the premiums would be continued after the death of [her husband], your petitioner would recover the amount of said insurance upon the death of [the insured], and

your petitioner relied upon such representation;" that "said representations were made with utter disregard of the terms of said policy and contrary to the terms of the same, and your petitioner, being uneducated and not familiar with such matters, was easily imposed upon by said defendant company;" that "she would not have continued the payment of the premiums on said policy unless the company would pay to her the amount of said insurance, and that said representations were false and were made knowingly so by the agent, who was charged with the knowledge contained in the policy;" that, upon the death of the insured, "she presented proofs of death and made claim for said face of the policy, and the company refused to pay the same and averred that it would pay only to the administrator or executrix of the estate of [the insured], pursuant to the terms of the policy." To the petition was attached a copy of the alleged policy, which recited that it was subject to certain "terms and conditions," not appearing in such copy. The court dismissed the petition, on general and special demurrer. *Held:*

1. While the specific provision as to the person or persons to whom the insurance was to be paid does not appear in the manifestly omitted "terms and conditions" referred to in the part of the policy attached to the petition, the petition indicates that, in the event the beneficiary should predecease the insured, the payment was to be made to "the administrator or executrix" of the estate of the insured, and not to the plaintiff. This is plainly made to appear by the averments that the representation by an agent of the insurance company as to the payment of the insurance to the plaintiff was contrary to the terms of the policy, that the agent was charged with knowledge of such provisions, and that the company refused payment except to the administrator or executrix of the estate of the insured, *"pursuant to the terms of the policy."*

2. The plaintiff, not being entitled to a recovery of the insurance under the terms of the policy, notwithstanding the statement by the agent of the company that she would recover such insurance if she paid the premiums, and notwithstanding her payments in reliance upon such statement, had no right to maintain a suit ex contractu on the policy. *Meriwether* v. *Metropolitan Life Ins. Co.*, 44 *Ga. App.* 596 (162 S. E. 421), and cit. Nor did the refusal of the company to violate the terms of its contract by paying the benefit to the plaintiff create a cause of action ex delicto. The policy having been delivered to the plaintiff's husband, and she having knowledge of its terms equal to that of the alleged agent, a misstatement by him, after the issuance of the policy, as to the nature of such terms would not constitute fraud on the part of the company. The mere averment that the representation was made by a named person, "the agent of the defendant company," without stating the nature of his agency or that he was any more than a collecting or other special agent, and without alleging that he was authorized, either expressly or impliedly as a general agent, to modify the specific terms of the written life-insurance policy after its issuance, shows neither such a modification nor fraud by the company. See *Metropolitan Life Ins. Co.* v. *Hale,* 177 *Ga.* 632, 634 (170 S. E. 875) ; *National Accident & Health Ins. Co.* v. *Davis,* 179 *Ga.* 595 (176 S. E. 387) ; *Hart* v. *Waldo,* 117 *Ga.* 590 (43 S. E. 998) ; *Thompson* v. *Boyce,* 84 *Ga.* 497, 502 (11 S. E. 353). Nor

would the alleged oral statement as to what the company would do in the future, if the plaintiff paid the premiums, constitute a misrepresentation of an existing fact, since it would amount to no more than a promise. The case of Crosby *v.* Metropolitan Life Ins. Co., 167 S. C. 255 (166 S. E. 266), relied upon by the plaintiff, was based upon very different facts, the agent procuring the insurance made the alleged agreement at .the time of the issuance of the policy, and it was held that there was fraud in his misstatement as to the terms of the policy and in its typography. Nor would the mere retention by the company in the instant case of the $8 of premium constitute a tort, no question being presented as to the right to recover the same in a proper action ex contractu. The court therefore did not err in dismissing the petition, on general demurrer.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED MAY 9, 1935.

*Paul T. Chance, Nathan Jolles,* for plaintiff.
*Rodney S. Cohen,* for defendant.