Phillip **BALSAMO**, Employee,
Plaintiff-Respondent,

v.

**FISHER BODY DIVISION–GENERAL MOTORS CORPORATION**, Employer,
Defendant-Appellant.

No. 34296.

Missouri Court of Appeals,
St. Louis District.

May 23, 1972.

William B. Quinn, St. Louis, for plaintiff-respondent.

DOWD, Judge.

The employer appeals from an order of the Circuit Court affirming an award made by the Industrial Commission to the employee for nursing services performed by the employee's wife at his home. The Circuit Court modified the award to relieve the employer from paying for nursing services for a six day period when the employee was in the hospital. There is no dispute as to the nature and extent of the injuries suffered. The employer appeals only the claim and award of a sum for nursing services.

The learned trial judge prepared a well reasoned memorandum opinion which we found helpful.

The Commission in its award found that since October 5, 1967 the employee's condition of ill health and disability requires nursing care and services, and constant attendance. The Commission ordered the employer to pay the sum of $75.00 per week beginning October 6, 1967, to the employee.

Four arguments are made by employer: (1) There was no valid claim made for nursing services; (2) The award was not supported by competent and substantial evidence; (3) The award of $75.00 per week for nursing services rendered by respondent's wife, or some other third person, is unreasonable, arbitrary and against the law; and, (4) The Circuit Court is not authorized to modify an award of the Industrial Commission.

The first contention that there was no valid claim for nursing services is without merit. The claim pleaded that the employee's back, spine and nervous system were injured and that the permanent injury was "to be determined" and asked for compensation "To be determined under the Act." The referee at the beginning of the

Graff & Lahey, St. Louis, for defendant-appellant.

hearing in refining the issues to be tried stated:

"REFEREE: The issues to be determined are the nature and extent of permanent partial disability and the provision of medical aid, past and future, in addition to that already claimed by the employee. Are there any other matters?

"MR. LAHEY: (employer's attorney) No, Sir.

"REFEREE: We are then ready for trial?

"MR. LAHEY: Yes, Sir.

"MR. QUINN: (employee's attorney) Yes, Sir."

The referee later ruled that the term medical aid is broad enough to include nursing services. The Circuit Court agreed, and so do we. Section 287.140 V. A.M.S. provides in part that "in addition to all other compensation, the employee shall receive and the employer shall provide such medical, surgical and hospital treatment, including nursing * * * as may be reasonably required * * *." Moreover, the usual procedural requirements of the Civil Code are not demanded in Workmen's Compensation cases, and the claim does not have to contain the usual elements of a formal petition. Groce v. Pyle, Mo.App., 315 S.W.2d 482. A similar contention was rejected in Groce v. Pyle, supra, l. c. 492, where the claim asked for compensation "as provided by law." The evidence does not support the employer's claim of surprise since the employer was aware of the nature of respondent's injuries and had occasion, on the latter's visits to the plant dispensary, to observe his enfeebled condition and his need for assistance at those times when his legs became temporarily paralyzed and "gave out."

Employer's claim that the award was not supported by competent and substantial evidence is also without merit. The employee herein is not a helpless in-

valid, nor does he claim to be. The record shows, however, that he has been incapacitated many times since his accident in 1962, has been hospitalized five times, and has at least nine or ten times since October of 1967 lost control of his legs and been confined to bed for 3–5 days thereafter. He had a surgical fusion of the lumbar spine. He cannot be left alone, and even when not incapacitated, he needs constant care and attention. This condition, according to medical testimony, is not expected to improve. Awards for nursing services performed by the employee's wife have been upheld in previous cases in Missouri, under very similar facts. Daugherty v. City of Monett, 238 Mo.App. 924, 192 S. W.2d 51; Collins v. Reed-Harlin Grocery Co., Mo.App., 230 S.W.2d 880; Groce v. Pyle, supra. We conclude that the Commission could reasonably reach the result it did upon consideration of all the evidence before it, and we see no reason to attempt to substitute our judgment for the Commission's under the facts on the record. Stephens v. Crane Trucking, Inc., Mo., 446 S. W.2d 772.

The third argument made by the employer is that the employer, by statute, has the right to select the doctor, hospital and whatever else may be required by the employee. Section 287.140 RSMo. In this case, the employer has refused no medical care, and has even paid for the doctor and hospital selected by the employee, something not required by the statute, supra. However, the employer objects to the employee's selection of his wife as nurse, and to the Commission, in effect, forcing the employer to accept her as such, or any other person of the employee's choice. In other words, having yielded its right to select the employee's doctor and hospital, the employer now wishes to assert its right to select the nurse, and to directly pay the nurse.

Our courts have never specifically ruled on the issue presented herein. However, they have made or approved awards providing for payments to the employee

for nursing services rendered by his wife. Collins v. Reed-Harlin Grocery Co., *supra;* Stephens v. Crane Trucking, Inc., *supra;* Groce v. Pyle, *supra.* Hence, we see no valid basis on which to uphold the employer's wish to require the employee to discontinue the nursing care he has chosen, and accept whatever is belatedly provided by the employer. Since the employer has been aware of the employee's need for at least some nursing care since 1967, and has heretofore not offered to provide it, we conclude that he has waived his right under the statute.

 Furthermore, the amount of the award, $75.00 per week, is entirely reasonable in light of the facts. There was evidence that a licensed practical nurse would be paid $27.00 per day. The award of the Commission amounts to $10.72 per day. The record is supported by competent and substantial evidence which showed that the employee required care and attention beyond the services ordinarily performed by a wife for a husband and that he was in need of general nursing services. The Commission was correct in providing for an allowance for these nursing services performed by the wife. It was for the Commission to determine from its common knowledge and expertise the reasonable value thereof. Specific proof of such reasonable value is not necessary. Groce v. *Pyle,* supra, 315 S.W.2d 1. c. 492.

Employer's final allegation is that the Circuit Court had no authority to exempt the employer from payment for nursing care during the period of employee's hospitalization, September 27–October 2, 1968. This, it is alleged, is a question of fact and not within the province of a reviewing court. This is certainly a strange argument for the employer to make, since this ruling of the Circuit Court was to his benefit. Nevertheless, there is no merit in this contention, and we uphold the Circuit Court's decision as one of law. Neither party disputes the fact of this period of hospitalization. Therefore, no "question"

of fact was decided by the court, since none existed. Moore v. International Shoe Co., Mo.App., 213 S.W.2d 215; Gill v. Massman Const. Co., Mo.App., 458 S.W.2d 878.

The award of the Industrial Commission as modified and affirmed by the judgment of the Circuit Court is here affirmed.

BRADY, C. J., and GERALD M. SMITH, SIMEONE and WEIER, JJ., concur.