**Bunah McDONALD, Appellant,**

v.

**AFRO–AMERICAN LIFE INSURANCE COMPANY, Appellee.**

**No. 671.**

Court of Civil Appeals of Texas, Tyler.

Jan. 18, 1973.

Rehearing Denied March 1, 1973.

---

Hugo C. Schmidt, Saunders, Caldwell & Schmidt, Tyler, for appellant.

Charles E. Coleman, Tyler, for appellee.

MOORE, Justice.

Ruby Thomas instituted this suit against appellee, Afro-American Life Insurance Company (hereinafter referred to as the insurance company), to recover the proceeds due under a policy of life insurance issued to, and insuring the life of Joe L. Medlock, deceased. She alleged that she was the sole beneficiary named in the policy by her deceased brother, Joe L. Medlock. The insurance company answered with a general denial and a cross-complaint in the nature of a bill of interpleader admitting liability upon the policy and alleging that Bunah McDonald, appellant herein, was also asserting a claim under the policy as the sole beneficiary of the deceased. After depositing the face amount of the policy in the amount of $2,000.00 into the registry of the court, the insurance company prayed for its discharge. Appellant, Bunah McDonald, answered the interpleader action and denied that the insurance company was an innocent stakeholder and prayed that the interpleader action be denied. She also denied the allegations of the petition filed by Ruby Thomas and asserted her claim as a beneficiary under the policy. By way of cross-action against the insurance company only, appellant Bunah McDonald alleged that on the 10th day of October, 1966, Afro-American Life Insurance Company issued its policy No. 3309395 insuring the life of one Joe L. Medlock wherein Ruby Thomas was originally named beneficiary therein; that the said insurance policy was solicited by Pazetta Alexander, a duly authorized agent of the Afro-American Life Insurance Company; that under said transaction the said Ruby Thomas agreed to make premium payments on said policy but wholly failed therein; that thereafter Pazetta Alexander solicited the payment of the premiums on the policy from one Beulah McLemore and did certify to the insurance company a form for a change of beneficiary naming the said Beulah McLemore as beneficiary in June of 1967; that the said Beulah McLemore subsequently died and Pazetta Alexander then solicited the payment of premiums on said policy from Bunah McDonald; that since the death of Beulah McLemore the said Bunah McDonald paid all premiums on said policy in reliance that the statement of Pazetta Alexander that she would procure and obtain a valid change of beneficiary naming Bunah McDonald as beneficiary thereunder; and that the said Pazetta Alexander did execute her signature in witness of that of Joe L. Medlock and did have said signature of Joe L. Medlock notarized by a notary public and did properly file with the Afro-American Life Insurance Company said change of beneficiary naming Bunah McDonald as beneficiary thereunder for all purposes, said change of beneficiary being recorded on the records of Afro-American Life Insurance Company. Appellant, Bunah McDonald, further alleged that as of the date of death of Joe L. Medlock she was properly named under said policy as the beneficiary therein; that because of the actions of Pazetta Alexander, the duly authorized agent of the Afro-American Life

Insurance Company, and because of the fact that the said Joe L. Medlock is deceased, the said Afro-American Life Insurance Company should be estopped to deny the validity of the change of beneficiary naming Bunah McDonald beneficiary thereunder and should be estopped from asserting any other defenses as against Bunah McDonald because of the actions of its duly authorized agent, Pazetta Alexander.

Ruby Thomas, in reply to Bunah McDonald's original petition claiming the proceeds of the policy, alleged that Bunah McDonald had no interest in the policy. She further alleged that Afro-American Life Insurance Company and its agent, Pazetta Alexander, conspired with the defendant, Bunah McDonald, to defraud her of her rights under said policy; that the purported attempts to change the beneficiary under the terms of said policy were fraudulent in that Pazetta Alexander, the agent of the company, signed such applications as a witness and then took such applications before a notary public and secured the notary to sign it when in truth and in fact the said Joe Louis Medlock did not sign any application for a change of beneficiary; that the said Pazetta Alexander did not witness the signature of Joe Louis Medlock or any other person authorized by him to sign his name on the application for change of beneficiary and falsely secured a notary to certify that same was sworn to and subscribed before such notary, all for the purpose of defrauding Ruby Thomas of her rights under said policy; and that the purported signature of Joe Louis Medlock on each of the applications for change of beneficiary was forged.

The trial court conducted no preliminary hearing on the insurance company's right of interpleader, but rather set the entire matter for trial on the merits upon all issues joined by the pleading of all parties. Trial was had before the court, sitting without a jury, at the conclusion of which the trial court rendered judgment in favor of Ruby Thomas for the sum of $2,000.00,

the face amount of the policy, together with 12% penalty and reasonable attorney's fees. This portion of the judgment has now become final and neither the insurance company nor Bunah McDonald appeals therefrom. The trial court also denied Bunah McDonald a recovery on her cross-action against the insurance company. It is from this judgment and ruling Bunah McDonald perfected this appeal.

By a stipulation, duly filed, appellant limits the scope of her appeal only to that portion of the judgment denying her a recovery on her cross-action against Afro-American Life Insurance Company.

The record is before us upon the transcript only, no statement of facts having been filed. The record does, however, contain findings of fact and conclusions of law. At the request of appellant, the trial court made the following findings which we consider material to this appeal: (1) the policy was issued by the company on October 10, 1966, naming Ruby Thomas as beneficiary and she paid the first monthly premium; (2) Pazetta Alexander, in the course of her duties as an Agent of Afro-American Life Insurance Company was authorized to solicit the purchase of life insurance policies to be issued by Afro-American Life Insurance Company; (3) Pazetta Alexander, in the course of her duties as an Agent for Afro-American Life Insurance Company was authorized to help people fill out forms for changing the beneficiary of a policy of life insurance issued by Afro-American Life Insurance Company; (4) that at a time when said policy was about to lapse for non-payment of premiums, Pazetta Alexander suggested to one Beulah McLemore that she pay the premiums and take over the policy, which premiums Beulah McLemore did pay until the time of her death in the year of 1968; (5) that in June of 1967, Pazetta Alexander prepared an application for change of beneficiary on forms of the Afro-American Life Insurance Company, changing the beneficiary from Ruby Thomas to Beulah McLemore. Pazetta Alexander signed her

name to said change of beneficiary form as a witness to the signature of the insured. Pazetta Alexander did not see the insured sign the change of beneficiary, but she did procure a notarization as to the signature of the insured, even though the said insured was not present at the time of said notarization; (6) that Pazetta Alexander processed said application for change of beneficiary and Beulah McLemore was enrolled and placed on the records of Afro-American Life Insurance Company as beneficiary under said policy on June 23, 1967; (7) that after the death of Beulah McLemore, and to prevent the policy from lapsing, Pazetta Alexander suggested to Bunah McDonald that Bunah McDonald keep the policy in force by paying the required premiums; (8) that Pazetta Alexander advised Bunah McDonald that she would have a change of beneficiary made to name Bunah McDonald as beneficiary to said policy; (9) that Bunah McDonald paid all premiums on said policy of insurance from September of 1968 to the date of death of the insured on November 11, 1969, in reliance on the representations of Pazetta Alexander; (10) that in October of 1969 Pazetta Alexander prepared an application for change of beneficiary naming Bunah McDonald as new beneficiary under said policy of insurance. Pazetta Alexander signed her name to said application for change of beneficiary as a witness to the signature of the insured. Pazetta Alexander did not see the insured sign the change of beneficiary, but she personally carried said application for change of beneficiary to a notary public and procured the notarization of the insured's signature on the 21st day of October, 1969; (11) that Pazetta Alexander processed said application for change of beneficiary to the Afro-American Life Insurance Company who duly enrolled and placed the name of Bunah McDonald as beneficiary on said policy on October 28, 1969; (12) that at the date of the death of the insured, the beneficiary enrolled and placed on the records of the insurance company was appellant, Bunah McDonald; and (13) that the alleged signatures of the insured on the two application forms for change of beneficiary involved herein were each a forgery of the signature of the insured. The trial court concluded as a matter of law that appellant, Bunah McDonald, was not entitled to a recovery against the insurance company on her cross-action.

By a single point of error appellant urges that the judgment should be reversed and rendered in her favor for the proceeds of the policy together with statutory penalty and attorney's fees, because she says the findings of fact made by the trial court show, as a matter of law, that the insurance company made itself independently liable to her on the policy. We find no merit in this proposition and accordingly affirm the judgment rendered by the trial court.

The policy in question contains the following provisions:

"AUTHORITY TO ALTER CONTRACT: No agent has the power or authority to waive, change or alter any of the terms or conditions of this policy. Only the President or Secretary of the Company at its Home Office can make or modify this contract, extend the time for the payment of any premium, or waive any of the Company's rights or requirements."

"CHANGE OF BENEFICIARY: The beneficiary may be changed at any time by proper written request to the Company. The change will be effective only when endorsed on the policy by the Company but when the policy has been endorsed, the change will be operative as of the date of execution of the written request whether or not the Insured is alive at the time of the endorsement, without prejudice to the Company on account of any payment made by it before the endorsement."

"FACILITY OF PAYMENT: The Company will pay the death benefit to the designated beneficiary, provided,

such beneficiary be then living and surrenders this policy with proof of claim within thirty (30) days after the death of the Insured. If the beneficiary is the estate of the Insured or is a minor, or dies before the Insured or is an incompetent, the Company will pay the benefit to the executor or administrator of the estate of the Insured or to any relative by blood, adoption or marriage of the Insured or to any other person appearing to the Company to be entitled to the payment."

"CONTROL: All rights under this policy during the lifetime of the Insured will be exercised by the Insured * * *."

■ Under the terms of the "Facility of Payment" clause the insured granted the insurance company the right to elect to pay the proceeds of the policy to any person of a certain designated class in the event the insured's named beneficiary predeceased him and he thereafter failed to name a substitute beneficiary. Under the facts presented here this contingency never occurred. Ruby Thomas, the original beneficiary named in the policy outlived the insured. Thus, the "Facility of Payment" clause authorizing the company to elect to pay the proceeds to a third party never became effective. In these circumstances appellant is not in a position to claim that the insurance company or its agent was authorized by the policy to promise her that she would be made the beneficiary or be entitled to the proceeds of the policy. Appellant, not being entitled to a recovery under the terms of the policy, notwithstanding the statement of the agent that she would have her made the beneficiary if she paid the premiums and notwithstanding her payment of the premiums in reliance thereon, had no right to maintain an action ex contractu on the policy. Meriwether v. Metropolitan Life Ins. Co., 44 Ga.App. 596, 162 S.E. 421; Self v. American Nat. Ins. Co., 51 Ga.App. 251, 180 S.E. 21 (1935); 4 Couch on Insurance 2d, sec. 27:79.

Nor do we believe that the abbreviated record is sufficient to show that appellant discharged her burden of establishing a cause of action ex delicto. In this connection appellant argues that the trial court erred in refusing to render a judgment in her favor because the findings made by the court conclusively show that the agent of the company perpetrated a fraud on her by promising her that if she would pay the premiums on the policy she would have her made the beneficiary. Therefore, she argues that the insurance company was estopped to deny that she was the beneficiary and entitled to the benefits of the policy.

In essence, the representation made by the agent amounted to a promise to a third party to alter an existing contract between the insured and the insurance company, i. e., to substitute appellant as the named beneficiary on the policy in place of Ruby Thomas.

■ An insurer is liable for the fraud of its agent when acting within the scope of his actual or apparent authority. 4 Couch on Insurance 2d, sec. 26:437. The party who asserts that a particular act of the alleged agent was within the scope of his authority has the burden of proving such allegation. 2 Tex.Jur.2d Agency, sec. 248. Generally speaking, a soliciting agent of an insurance company has no implied power to change the terms of a policy in any manner other than that provided in the policy. National Life & Accident Ins. Co. v. Gibson, 1 S.W.2d 583 (Tex.Com. of Appeals, 1928). While the trial court found that the company's soliciting agent, Pazetta Alexander, was authorized to assist people in filling out forms for changing beneficiaries, this finding cannot be construed to mean that the court found that she was authorized to substitute beneficiaries on existing policies. There is no finding that she had any authority, express or implied, to promise a stranger that she would alter the specific terms of the written policy so as to make her the beneficiary. Since appellant is attempting to impose liability on

the insurance company for the agent's tort under the doctrine of respondeat superior, it was essential, in the absence of a finding of ratification, that appellant obtained a finding that at the time of the particular act complained of, the agent was acting within the scope of her authority. 4 Couch on Insurance 2d, sec. 26:450, citing cases. Appellant made no request for supplemental findings, nor did she except to any of the findings made by the court. There being no statement of facts, we do not know what constituted the evidence, but inasmuch as the court's judgment recites that evidence was heard, we must presume in support of the judgment that there was no evidence to justify a finding that the agent was acting within the scope of her authority, express or implied. Taylor v. American Emery Wheel Works, 480 S.W.2d 26 (Tex.Civ.App., Corpus Christi, 1972).

■ The rule is well settled that on appeal, omitted findings, if any, necessary to support the judgment, will be presumed to have been found in such a manner as to support the judgment. Bednarz v. State, 142 Tex. 138, 176 S.W.2d 562 (Tex.Sup., 1943); Rule 299, Texas Rules of Civil Procedure. While the court's findings may have been sufficient to establish that the agent committed the acts complained of, appellant failed to discharge her burden of requesting and obtaining a finding that the insurance company was responsible therefor under the doctrine of respondeat superior. Self v. American Nat. Ins. Co., supra.

■ But, even though it be assumed arguendo, that the conduct of Pazetta Alexander was within the course and scope of her authority, we are of the opinion that the finding would not authorize us to render judgment in favor of appellant.

The transaction here does not involve a situation where the agent made a statement to an insured or a person seeking to buy insurance. It involves a transaction between a soliciting agent and a stranger. Appellant alleged in her cross-action that she paid the premiums "in reliance that the said Pazetta Alexander would procure and obtain a valid change of beneficiary naming Bunah McDonald as beneficiary thereunder." Under the terms of the policy, in order to change the beneficiary, it was necessary to obtain the consent of the insured. Thus, the agent's statement was nothing more than a mere promise. Actionable fraud cannot be predicated upon representations which are promissory in nature, unless there was no intention of performing the promise at the time it was made. 4 Couch on Insurance 2d, sec. 26:439; Mutual Reserve Life Ins. Co. v. Seidel, 113 S.W. 945 (Tex.Civ.App., 1908, n. w. h.); Self v. American Nat. Ins. Co., supra. As we view it, the statement of the agent, Pazetta Alexander, clearly amounted to a promise to do something in the future. While the trial court found that she advised appellant that "she would have a change of beneficiary made," there is no finding whatever that Pazetta Alexander had no intention of performing the promise at the time it was made. Thus the findings fail to establish a cause of action for fraud. Under the authorities cited above we must presume in support of the judgment that the promise, at the time it was made, was not false. Consequently, we believe that under the findings of the court, appellant failed to establish a cause of action for fraud.

No question is raised as to appellant's right to recover the premiums paid by her.

The judgment of the trial court is affirmed.