**Michael J. BAHNER,**
**Employee–Respondent,**

v.

**James G. BAHNER, Employer–Appellant,**

**and**

**Insurance Company of North America,**
**Insurer–Appellant.**

**No. WD 31266.**

Missouri Court of Appeals,
Western District.

Oct. 1, 1980.

Edgar S. Carroll, Warrensburg, for employer–appellant and insurer–appellant.

Adam B. Fischer, Sedalia, for employee–respondent.

Before WASSERSTROM, C. J., Presiding, and SHANGLER and MANFORD, JJ.

WASSERSTROM, Chief Judge.

The employer and the insurer appealed to the circuit court from an award by the Labor and Industrial Relations Commission under the Workmen's Compensation Act of $75.00 per week to the employee for nursing care. The circuit court affirmed, from which the employer and the insurer again appealed. We reverse and remand.

The employee suffered a compensable injury in 1971 with resulting damage to his spinal cord. As the principal consequence, he has been confined to a wheelchair. Certain other medical consequences include several hospitalizations for kidney and bowel problems, blood clotting, swelling in the lower extremities, urinary problems and the necessary use of an ostemy bag.

On September 2, 1975, the Commission entered an award finding the employee to be permanently and totally disabled. The award gave $60 per week for 300 weeks and thereafter the sum of $50 per week for life, all subject to certain credits for medical aid therefor paid by the employer and insurer. The award further ordered "that the employer and insurer shall provide such medical, surgical and hospital treatment, including nursing, * * * as may reasonably be required to cure and relieve the employee from the effects of his injuries for the remainder of his life."

After extensive medical, surgical and hospital treatment, the employee completed his high school education and then entered Central Missouri State University where he earned a teaching degree. In August 1976, he obtained employment with the Pettis County School District and has continuously since that time been regularly employed as a teacher of students with learning disabilities. At the time of the hearing, he was receiving a salary of $8,350 for nine months. He maintains regular hours and work weeks and does all of the work required by his contract. Since he is confined to a wheelchair, appropriate provisions are made at the school to facilitate his coping with his condition. He also drives a specially equipped automobile. He married in 1975 and maintains a home with his wife a short distance from the school.

On January 9, 1978, the employer and insurer filed an application with the Commission for an order suspending the life pension portion of the 1975 award. This motion was premised on Section 287.200, RSMo 1978, which provides in pertinent part as follows:

"2. All claims for permanent total disability shall be determined in accordance with the facts. When an injured employee receives an award for permanent total disability but by the use of glasses, prosthetic appliances, or physical rehabilitation, the employee is restored to his regular work or its equivalent, the life payment mentioned in subsection 1 shall be suspended during the time in which the employee is restored to his regular work or its equivalent. The employer and the division shall keep the file open in the case during the lifetime of any injured employee who has received an award of permanent total disability. In any case where the life payment is suspended under this subsection, the commission may at reasonable times review the case and either the employee or the employer may request an informal conference with the commission relative to the resumption of the employee's weekly life payment in the case."

A hearing was held upon said application on June 22, 1978. The employee appeared in person but without counsel. Evidence consisted of testimony given by him in answer to questions put by the lawyer for the

employer and insurer and questions from the administrative judge. The only other witness was the Superintendent of the school at which the employee worked, who was called by the employer and insurer.

The Commission issued its order in this matter on January 10, 1979. On the basis of the employee having obtained full time work, the Commission ordered suspension of the life pension. On the other hand, the Commission on its own motion, proceeded to give the employee a provision for nursing care, as follows:

"However, from the record and file, we find the claimant entitled to nursing services to aid him with his various continuing physical problems, some of which need extra attention and aid because of his employment. We believe $75.00 a week for nursing services to be reasonable. Such aid may be rendered by and the payment made payable to his wife unless the claimant desires otherwise.

"Accordingly, the life payment is hereby suspended from July 31, 1976. The employer–insurer is ordered to pay $75.00 a week for nursing services. The payments for nursing services are to begin as of the date of this order."

The employer and insurer appealed to the circuit court from that order on the ground that there was no substantial evidence in the record to support the award for nursing services. The circuit court rejected that contention and affirmed the Commission, as follows:

"It is argued by Counsel for the Insurer that the Transcript does not sustain a need for 'general nursing care' as he claims is required by the above–noted cases. Counsel is probably correct that the Transcript does not clearly establish a need for 'general nursing care' as ordinarily understood in a medical sense, except on a periodic basis in connection with hospitalizations. The record discloses the Employee still suffers upon occasions from blood clotting in the extremities, swelling in the extremities, and some continuing bowel and bladder conditions. Under these facts, the Commission deter-

mined that there was been established some need of on–going nursing–type assistance in the Employee's normal activities of life which he cannot perform easily or at all because of his paralysis and confinement to a chair.

"This Court cannot disturb the Order of the Commission although the evidence might just as well have supported a contrary conclusion unless there is no substantial evidence upon which the award can be based. It is the conclusion of this Court that there is at least a modicum of substantial evidence to support the award.

"Accordingly, the Order of the Commission is sustained."

The remarkable courage and perseverance of this young man motivates us, as it must have also the Commission and the trial court, to rule in his favor. Nevertheless, such a ruling is not possible because the record in this case is devoid of any evidence to show just what nursing care the employee needs or what he is receiving by way of nursing care from his wife.

The record does show that the employee has needed and undoubtedly will continue to need periodic medical and hospital attention. The employer and insurer admit that they are obligated to furnish and pay for that. But what is involved presently is something different. That which is in question here pertains to day–to–day home care. As to just what the employee needs and is receiving in that regard, we are left wholly in the dark.

■ An award under the Workmen's Compensation Act for nursing care, even where performed by a wife, is proper under appropriate circumstances. However, in all cases where such an award has been made, the record contained a detailed showing of just what nursing services were performed by the wife. *Stephens v. Crane Trucking, Incorporated,* 446 S.W.2d 772 (Mo.1969); *Balsamo v. Fisher Body Division–General Motors Corp.,* 481 S.W.2d 536 (Mo.App. 1972); *Groce v. Pyle,* 315 S.W.2d 482 (Mo. App.1958); *Daugherty v. City of Monett,* 238 Mo.App. 924, 192 S.W.2d 51 (1946); *Col-*

lins v. Reed–Harlin Grocery Co., 230 S.W.2d 880 (Mo.App.1950); *See also Graham v. City of Kosciusko,* 339 So.2d 60 (Miss.1976); *Kushay v. Sexton Dairy Company,* 394 Mich. 69, 228 N.W.2d 205 (1975); *Bushnell v. City of Duluth,* 241 Minn. 189, 62 N.W.2d 813 (1954).

In contrast to those cases, the evidence here fails completely to show what services are performed by the wife or any approximate number of hours per week which she devotes in that regard.[1] It is entirely possible that the wife here does, in fact, render services similar in kind to the nursing services described in the cases cited. If so, no such evidence was given. The reason for that is not difficult to understand. First of all, there was no reason to think from the form of the application filed by the employer and insurer that any such issue was to be considered. Secondly, the employee appeared for the hearing unrepresented by counsel and therefore unprepared to meet legal issues, especially potential questions of which no advance notice has been given.

 Although the award cannot be affirmed on the basis of the record now presented, as a matter of justice this case should be remanded for further hearing to give the employee an opportunity to present the critical missing evidence. As stated in *Johnson v. Kruckemeyer,* 224 Mo. App. 351, 29 S.W.2d 730 (1930): "It is axiomatic in appellate procedure that a case should not be reversed without remanding, unless the evidence has been fully presented, and the appellate court is convinced that the facts are such that a recovery cannot be had." *See also* the following additional Workmen's Compensation cases in which the case was remanded for further hearing to develop additional evidence: *Morrow v. Orscheln Bros. Truck Lines,* 235 Mo.App. 1166, 151 S.W.2d 138 (1941); *Buecker v. Roberts,* 200 S.W.2d 529 (Mo.App.1947); *Hogue v. Wurdack,* 298 S.W.2d 492 (Mo. App.1957).

The judgment is reversed and the cause remanded to the circuit court with directions that the cause then be remanded to the Commission for further hearing.

All concur.

---

1. It is not necessary, however, to introduce specific proof as to the reasonable value of the nursing services. That evaluation may rest upon the special expertise of the Commission. *Balsamo v. Fisher Body Division–General Motors Corp., supra ; Groce v. Pyle, supra.*