**Allen MOORE, Respondent,**

v.

**ST. JOE LEAD COMPANY, Appellant.**

**No. 59046.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Aug. 6, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 23, 1991.

Application to Transfer Denied
Nov. 19, 1991.

ham, Reed & Fulton, Fredericktown, for appellant.

Richard R. Kordenbrock, The Hullverson Law Firm, St. Louis, for respondent.

SMITH, Presiding Judge.

Employer appeals from the award of worker's compensation benefits to employee by the Labor and Industrial Relations Commission. We affirm.

Employee and a co-worker were cleaning the employer's railyard on the day of the accident. There was testimony they were told by a train crew not to get on tracks 1 or 2 because of switching operations on those tracks. Employee and his co-worker took a rest break and sat on track 1. The break was not an authorized break. A railroad car struck employee resulting in the amputation of his leg at the hip. No dispute exists that employee is totally and permanently disabled and is cared for by his wife.

Employer contends that because employee was on a track he had been warned to stay away from and was on an unauthorized break he was not "in the course of his employment" at the time of the accident. This contention is little more than an argument that employee was contributorily negligent, a defense not available in this type of action. An accident arises "in the course of employment" when it occurs within the period of the employment at a place where the employee may reasonably be and while he is reasonably fulfilling the duties of his employment or engaged in doing something incidental thereto. *Kunce v. Junge Baking Company*, 432 S.W.2d 602*[7]* (Mo.App.1968). Incidental activities include the inevitable acts of human beings in ministering to their personal comfort while at work, such as seeking warmth and shelter, heeding a call of nature, satisfying thirst and hunger, washing, resting or sleeping, and preparing to begin or quit work. *Id. [8–10]*. The location of the accident was on the employer's premises where the employee might reasonably be expected to be and he was engaged in an incidental activity, resting, at the time of the accident. The case is clearly distinguishable from *Kunce, supra*, relied on by employer, where the employee

William E. Paasch, Moser and Marsalek, St. Louis, Jerry B. Schnapp, Schnapp, Gra-

had left the employer's premises on a personal mission and was injured while returning to the premises. The journey in *Kunce* was not a part, either regular or incidental, of the employee's employment. The Commission did not err in finding the accident to be covered by worker's compensation.

 Employer also contends the Commission erred in determining the amount of time required of wife to perform nursing services for husband and the rate of compensation to be allowed her for such services. There was evidence that if outside nursing was provided it would require two full shifts per day. The Commission allowed considerably less than that. The evaluation of the reasonable value of nursing services may rest upon the special expertise of the Commission without specific proof. *Bahner v. Bahner,* 606 S.W.2d 484 (Mo.App.1980) Ftnt. 1; *Balsamo v. Fisher Body Division–General Motors Corporation,* 481 S.W.2d 536 (Mo.App.1972) [6, 7].

The award of the Commission is affirmed.

CARL R. GAERTNER, C.J., and SATZ, J., concur.