Verne L. ABEL, deceased, By and
Through William ABEL,
Appellant,

v.

MIKE RUSSELL'S STANDARD SER-
VICE and Grinnell Mutual Reinsur-
ance Company, Respondents.

No. 78687.

Supreme Court of Missouri,
En Banc.

June 25, 1996.

David F. Sullivan, Springfield, for Appel-
lant.

William D. Powell, Springfield, for Respon-
dents.

ROBERTSON, Judge.

The issue in this case is whether an em-
ployee who suffers an idiopathic fall is enti-
tled to compensation under section 287.120.1,
RSMo1994, when the conditions of the work
place bear no causal relationship to the em-
ployee's injury. The Labor and Industrial
Relations Commission denied workers' com-
pensation. The Court of Appeals, Southern
District, reversed, relying on this Court's
decision in *Alexander v. D.L. Sitton Motor
Lines*, 851 S.W.2d 525 (Mo. banc 1993). One
member of the court of appeals' panel dis-
sented and certified the case to this Court
because he believed the majority opinion was
contrary to *Alexander*. We have jurisdic-
tion, Mo. Const. art. V, § 10, and hold that

section 287.120.1, RSMo1994, requires the employee to establish a causal relationship between the conditions of the work place and his or her injuries before workers' compensation is available. The decision of the Labor and Industrial Relations Commission is affirmed.

## I.

At approximately 2:00 p.m. on March 27, 1991, Verne L. Abel fell while working for Mike Russell's Standard Service as a "gas attendant." The record shows that Abel went to a credit card machine located on his employer's premises to check credit card receipts. The credit card machine was located outside and at the south end of a gasoline pump island, beneath a canopy that covered all pump islands. Abel stood on level, paved ground at the time of his fall. Abel attended to the credit card receipts and stood for five to ten minutes, then he fainted, fell backwards, and hit the back of his head on the paved driveway.[1]

Abel went to a hospital emergency room twice that day, seeking treatment for symptoms experienced after his fall. Medical personnel finally diagnosed his injury as a intercerebral hematoma. Medical personnel admitted Abel to the hospital where a neurosurgeon performed a right temporal craniectomy for evacuation of the hematoma.

Abel filed for workers' compensation. An administrative law judge heard the evidence and denied compensation. After summarizing the evidence and making factual findings, the administrative law judge decided that the cause of Abel's fall was not work-related but idiopathic.

Abel appealed to the Labor and Industrial Relations Commission. The commission adopted and affirmed the administrative law judge's findings. Abel again appealed.

## II.

The standard of review is set out in section 287.495.1, RSMo1994:

The court, on appeal, shall review only questions of law and may modify, reverse, remand for rehearing, or set aside the award upon any of the following grounds and no other:

(1) That the commission acted without or in excess of its power;

(2) That the award was procured by fraud;

(3) That the facts found by the commission do not support the award;

(4) That there was not sufficient competent evidence in the record to warrant the making of the award.

Since the commission denied recovery, this Court may set aside the commission's decision only if "the commission acted without or in excess of its powers." We are bound by the commission's findings of fact.

Section 287.120.1, RSMo1994, provides workers' compensation where an injured worker shows that his injury was caused by an accident "arising out of *and* in the course of his employment." (Emphasis added.) An accident arises out of the employment relationship "when there is a casual connection between the conditions under which the work is required to be performed and the resulting injury." *Kloppenburg v. Queen Size Shoes, Inc.*, 704 S.W.2d 234, 236 (Mo. banc 1986), quoting *Dehoney v. B–W Brake Co.*, 271 S.W.2d 565, 566 (Mo.1954). An injury occurs "in the course of" employment "if the injury occurs within the period of employment at a place where the employee reasonably may be fulfilling the duties of employment." *Shinn v. General Binding Corp.*, 789 S.W.2d 230, 232 (Mo.App.1990). "Arising out of" and "in the course of" are two separate tests. "[B]oth must be met before [an employee] is entitled to compensation." *Automobile Club Inter–Insurance Exchange v. Bevel*, 663 S.W.2d 242, 245 (Mo. banc 1984).

---

1. Abel testified that a customer's car, which was running, was parked facing north at the pump island closest to the credit card machine. Abel's face was five to ten feet from the tail pipe of that car. Before he fainted, Abel smelled exhaust fumes and noticed a bad taste in his mouth, a taste he described as "like gasoline smelled to me." The administrative law judge found that this exposure did not contribute to the fall.

In *Alexander*, 851 S.W.2d 525, the Court focused on the "arising out of" test and held that "a causal connection is established if the conditions of the work place contributed to cause the accident, even if the precipitating cause was idiopathic." *Id.* at 528. This language is, of course, broad. Its scope is expanded even more by the cases gathered in footnote five. Those cases seem to support a conclusion that *Alexander* intended to collapse the "arising out of" requirement of section 287.120.1 into the "in the course of" test and permit recovery in workers' compensation for every injury to an employee occurring at a workplace.

We do not, however, read *Alexander* to have that intent for two reasons. First, section 287.120.1 determines coverage; this Court cannot decide away a statutory requirement. Section 287.120.1 requires a causal connection between the conditions of employment and the employee's injury.

Second, *Alexander's* holding proceeds from the conviction that *Collins v. Combustion Engineering Co.*, 490 S.W.2d 394 (Mo.App. 1973), was wrongly decided. For this reason, *Alexander* expressly overrules *Collins* and says that "*Collins* misapplies the 'causal connection' test by focusing solely on the initial ... cause of the accident...." *Alexander*, 851 S.W.2d at 528. Thus, the limits of the language used in *Alexander* can be found only within the context of this Court's dissatisfaction with *Collins*.

*Collins* holds that section 287.120.1 does not permit recovery when an idiopathic condition results in a fall from a ladder. The *Collins'* court ignores the fact that a condition of employment—working on a ladder—heightens the effects of gravity and, commensurately, the likelihood of injury.

■ *Alexander* properly rejects *Collins'* narrow focus on the initial cause of the injury, suggesting that courts must consider "the entire sequence of events that takes place, ... the injuries suffered, and ... whatever cause or causes give rise to those events and injuries ..." to determine whether an accident arises out of employment. *Alexander*, 851 S.W.2d at 528. Indeed, in rejecting *Collins'* rationale, *Alexander* anticipates this case. "[H]ad the employee in *Collins* been standing on the ground when he became dizzy, in all likelihood, there would have been no fall, and thus no accident and no injury. In other words, the accident would not have occurred but for the condition of the workplace." *Alexander*, 851 S.W.2d at 528.

■ The *sine qua non* of recovery under section 287.120.1 and *Alexander* is a condition of the workplace that bears a causal connection to the employee's injury. The condition of the workplace bears a causal connection to the injury only when the condition is unique to the workplace or is a common condition that is exacerbated by the requirements of employment.

In *Alexander*, the employment condition was a platform four to four and one-half feet off the ground. It was not gravity or paved ground that *Alexander* recognized as providing a sufficient causal connection to support workers' compensation coverage. It was the height at which the employee worked—a height that made gravity more dangerous and the ground a more likely cause of injury when struck after falling.

■ Here, Abel fell while standing on paved, level ground. Although his injuries occurred in the course of his employment, nothing about this condition of his workplace enhanced the effects of gravity or made the conditions of his workplace any different from or any more dangerous than those a member of the general public could expect to confront in a non-work setting.

Consistent with section 287.120.1, we hold that a claimant must show that his or her injury arises out of and in the course of his or her employment as a condition precedent to recovery. It is not enough to show that the employee suffered an injury while working. Instead, recovery under section 287.120.1 follows only where a condition unique to or exacerbated by the workplace exists and contributes to cause the injury.

### III.

The decision of the Labor and Industrial Relations Commission is affirmed.

BENTON, LIMBAUGH, and COVINGTON, JJ., concur.

BLACKMAR, Senior Judge, dissents in separate opinion filed.

PRICE and WHITE, JJ., concur in opinion of BLACKMAR, Senior Judge.

HOLSTEIN, C.J., not sitting.

BLACKMAR, Senior Judge, dissenting.

The employee sustained a fall, the cause of which could not be precisely determined. He struck his head on the concrete apron of a service station. As a direct result of striking his head he suffered substantial injury. Yet we are told that he is not entitled to workers' compensation for this injury because it did not arise "out of" his employment. The framers of the workers' compensation statute would be shocked at this conclusion, as his friends and neighbors undoubtedly would. They would say that he was injured in a work-related accident.

Our statute uses the phrase "out of and in the course of his employment," as do the great majority of workers' compensation statutes in the United States and other common law nations. The governing principle of workers' compensation is clear. In place of an uncertain common law remedy with numerous exceptions and qualifications, but with no ceiling on recovery, the statutes substituted a supposedly sure and certain remedy with a prescribed scale of benefits. Some common law judges did not take well to the innovation and borrowed concepts such as proximate cause from the prior tort law. The notion of fault also survived in some decisions, not perhaps in the sense of negligence, but in the thought that employers should not be liable for injuries that they were without power to prevent. Yet courts realized that the purpose of the compensation statutes was to supersede rather than to perpetuate tort concepts, and inconsistent decisions appeared in the laws of numerous jurisdictions. The process is described in Larson, *The Law of Workers Compensation,* Sec. 6.10. Professor Larson points out that there has been a gradual process of maturation of the approach to workers' compensation statutes, with the better considered recent decisions opting for a simple "but for" test in determining whether an accident arises "out of and in the course of employment." Would the accident have happened had the employee not been performing the duties of his employment? The guiding principle is that work-related injuries should be compensated.

There is no need, however, to consider decisions from other states. In *Wolfgeher v. Wagner Cartage Service,* 646 S.W.2d 781 (Mo. banc 1983), this Court commented on the inconsistencies and incongruities of the prior decisions in Missouri, and essentially adopted the "work-related injury" test. The scope of the decision is demonstrated in the dissenting opinion of Judge Welliver, who said, "The time is totally inappropriate for the Court to construe accidental injury to mean any 'job related' injury." Id at 786. He accurately interprets the intendment of the decision in explaining his reasons for not joining in the opinion.

*Wolfgeher,* it is true, was not a fall case. There the Court did away with the requirement of "unusual or abnormal strain" in cases in which no external traumatic force is demonstrated. The employee was moving a refrigerator and suffered a back strain as he was turning on a stair landing. There is no showing that the condition of the premises contributed to the injury or that the employee slipped or fell. The load was of the kind he usually moved. He apparently simply was not strong enough. The Court concluded, none the less, that he should receive compensation.

In *Kloppenburg v. Queen Size Shoes, Inc.,* 704 S.W.2d 234 (Mo.App.1986), a shoe clerk was sitting on a chair with her legs crossed, waiting for customers. She jumped up when the telephone rang and hastened to answer it, but her leg had "gone to sleep," and she fell, injuring her right arm. One searches in vain for "conditions of the work place" (opinion, p. 502) or "casual connection between the conditions of employment and the employee's injury" (op. at p. 504) or a "condition unique to the workplace," (op. at pp. 504, 505.) By inserting those qualifications, the principal opinion simply fails to follow controlling precedent. It will not do to suggest that, in *Kloppenburg,* the employee was hurrying to

answer the telephone. The injury is one that might well have happened no matter how fast she moved. The Court gave no indication that the decision turned on minute points.

Then the Court seeks to distinguish *Alexander v. D.L. Sitton Motor Lines*, 851 S.W.2d 525 (Mo. banc 1993), because, there, the employee fell from a four foot height. The author is embarrassed by the Court's statement that "a casual connection is established if the conditions of the work place contributed to cause the accident, even if the precipitating cause was idiopathic," suggesting, "[t]his language is, of course, broad." The language, however, is appropriate, and in line with *Wolfgeher* and *Kloppenburg*. There is no reason to distinguish between a four foot elevation, or a four inch elevation, or a concrete apron. Any school child knows that a skater might skin a knee on concrete, while being able to break a fall easily by reaching the grass. The principal opinion seizes on the suggestion in the next to last paragraph in *Alexander* that the claimant might have suffered no injuries at all if he had not been on the platform. The opinion does not say that, if he had suffered injury from a fall to a concrete surface, the injury would not have been compensable. That case imposes liability for injuries arising out of "conditions of the work place that contribute to cause the accident or *exacerbate* the injuries." (Emphasis supplied). It is manifest that Mr. Abel's injuries were exacerbated when his head struck the concrete.

*Cox v. Tyson Foods Inc.*, 920 S.W.2d 534 (Mo. banc 1996) is not in point factually, but is helpful in demonstrating this Court's adherence to the concept of "work-related injury" as a basis for compensation.

The principal opinion fails to discuss the recent controlling decisions of this Court. It apparently calls for deeper analysis of *Collins v. Combustion Engineering Co.*, 490 S.W.2d 394 (Mo.App.1973), an appeals decision more than 23 years old overruled by this Court in *Alexander*. With due respect to the court that decided *Collins*, discussion of the later controlling authorities would be more helpful. *Automobile Club Inter–Insurance Exchange v. Bevel*, 663 S.W.2d 242 (Mo. banc 1984) is not a workers' compensation case at all but rather a decision involving a liability insurance policy. Even though the workers' compensation law is involved in construing the policy, the case was not decided under the injunction of liberal construction of section 287.800, RSMo1986, but rather under the rule of strict construction of insurance policies. The case is not at all in point and is not helpful here.

The principal opinion also perpetuates the concept of "out of" and "in the course" of employment as separate requirements. Larson suggests that this approach has been discredited and that "the basic concept of compensation coverage is unitary, not dual, and is best expressed in the term "work related." Our controlling decisions agree. The present decision beats an undesirable retreat. It invites constant litigation over trivial points. What if an employee who faints on a level surface strikes her head on a projecting shelf? What if an employee's head hits the seat when he falls out of a chair?

The principal opinion is out of line with the controlling cases. The court of appeals correctly interpreted existing precedent. This Court now changes the uniform course of recent decisions, without analysis. I would reverse the decision of the Commission and remand for determination of the compensation due.