Mark DeVILLE, Claimant–Respondent,

v.

HILAND DAIRY COMPANY, Employer–Appellant.

No. 26188.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 27, 2005.

Motion for Rehearing and Transfer Denied Feb. 22, 2005.

Application for Transfer Denied April 5, 2005.

versal by asserting the following: (1) DeVille was not working when the injury happened; (2) the injury was idiopathic, hence DeVille's employment was not a substantial factor in causing injury; and (3) Commission's finding that the injury arose out of DeVille's employment was an insufficient basis to support the award as a matter of law. This court affirms.

## FACTS

In 1986, DeVille began working for Employer as a maintenance worker. His duties involved rebuilding and servicing equipment used by Employer in processing its product which required DeVille to occasionally lift, bend, stretch, lie down, and crawl around equipment. Before the injury date, DeVille had no problem with his right knee or performing his job tasks, although he had earlier received left knee treatment.

On December 10, 1997, DeVille injured his right knee while at work. The facts surrounding the injury include the following. After DeVille ate lunch on Employer's premises, he "clocked back into work." While walking from the time clock toward his work area, DeVille stopped at a workbench to listen to fellow employees. At trial, DeVille testified as follows:

> "I [DeVille] was standing up against the workbench, listening.... And I turned to go to work to my right, and my knee popped.... [As I turned, my] right foot remain[ed] on the ground.... [I was] standing on a concrete floor [that was] rough. The workbench [where I had stopped to listen] is a welding bench[ ] [s]o there's spots on the floor ... [w]here the hot metal had popped up some of the concrete."

DeVille testified he both heard and felt his right knee pop and immediately felt pain "on the inside of [his] knee." On cross-examination, he also testified that,

Richard L. Schnake, Kevin H. Dunaway, Neale & Newman, L.L.P., Springfield, for appellant.

Alexander W. Staab, Kansas City, for respondent.

KENNETH W. SHRUM, Judge.

The Labor and Industrial Relations Commission ("Commission") affirmed an award of workers' compensation benefits to Mark DeVille ("DeVille"). Hiland Dairy Company ("Employer") appeals, urging re-

when the injury occurred, he was making a normal turning motion, his foot did not catch on anything, and there was nothing he did in connection with his work that caused him to turn in an unusual or violent manner.

Thereafter, DeVille timely filed an accident report with Employer. Ultimately, he received treatment for the right knee injury, including surgery for a torn meniscus. Following a trial on his claim for workers' compensation benefits, an administrative law judge ("ALJ") entered an award favorable to DeVille.

In doing so, the ALJ found that DeVille's usual and customary duties led to the injury which caused a change in the pathology of his right knee. Further, the ALJ found that DeVille was in the process of moving from one area of the workplace to another, his right foot apparently failed to move when he turned his body to move toward another work area, and the twisting motion was consistent with the injury which occurred as a result of the motion. Concluding, the ALJ determined that the change of pathology to DeVille's right knee was caused or was substantially contributed to by his work activities.

Based on these and other findings, the ALJ awarded DeVille benefits, including an amount for permanent partial disability. Employer's appeal from the ALJ's decision was affirmed by the Commission. Thereon, Employer appealed to this court.

## STANDARD OF REVIEW

Section 287.495.1 contains the applicable standard of review.[1] *Abel v. Mike Russell's Standard Serv.*, 924 S.W.2d 502, 503 (Mo.banc 1996). Two of the four grounds listed in that case are pertinent here:

"1. The court, on appeal, shall review only questions of law and may modify, reverse, remand for rehearing, or set aside the award upon any of the following grounds and no other:

. . . .

"(3) That the facts found by the commission do not support the award;

"(4) That there was not sufficient competent evidence in the record to warrant the making of the award."

§ 287.495.1.

In reviewing a Commission award, this court "must examine the whole record to determine if it contains sufficient competent and substantial evidence to support the award, i.e., whether the award is contrary to the overwhelming weight of the evidence." *Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220, 222–23[1] (Mo. banc 2003). "Whether the award is supported by competent and substantial evidence is judged by examining the evidence in the context of the whole record." *Id.* We are bound by Commission's findings of fact. *Abel*, 924 S.W.2d at 503.

## RELEVANT STATUTORY PROVISIONS

In amending Missouri's Workers' Compensation Law in 1993, the General Assembly did not change the fundamental principle espoused in section 287.120.1, namely, that employers are liable, irrespective of negligence, to furnish workers' compensation to employees for personal injuries from accidents "arising out of and in the course of" employment. *Kasl v. Bristol Care, Inc.*, 984 S.W.2d 852, 853 (Mo.banc 1999).

However, changes were made in section 287.020 in 1993. As amended, section 287.020 focuses on whether there is a compensable injury as opposed to whether an accident occurred. *Willeford v. Lester E.*

1. All statutory references are to RSMo (2000), unless otherwise indicated.

*Cox Med. Ctr.,* 3 S.W.3d 872, 874 (Mo.App. 1999). This is seen in the multiple, but perhaps, redundant references to 'injury' in subsections 2 and 3(1)(2)(3). *See McCutcheon v. Tri–County Group XV, Inc.,* 920 S.W.2d 627, 630 (Mo.App.1996).

Under section 287.020.2, "an injury is compensable if it is clearly work related" and "[a]n injury is clearly work related if work was a substantial factor in the cause of the resulting medical condition or disability." In section 287.020.3(1), the term "injury" is defined to be one "which has arisen out of and in the course of employment." Also, section 287.020.3(1) provides that "[t]he injury must be incidental to and not independent of the relation of employer and employee." Section 287.020.3(2) declares that "[a]n injury shall be deemed to arise out of and in the course of employment only if:

"(a) It is reasonably apparent, upon consideration of all the circumstances, that the employment is a substantial factor in causing the injury; and

"(b) It can be seen to have followed as a natural incident of the work; and

"(c) It can be fairly traced to the employment as a proximate cause; and

"(d) It does not come from a hazard or risk unrelated to the employment to which workers would have been equally exposed outside of and unrelated to the employment in normal nonemployment life[.]"

### DISCUSSION AND DECISION

Employer first argues there was not sufficient competent evidence to support the award because DeVille admitted that he was not working when the injury occurred. Relying on the fact that an injury "must be incidental to and not independent of the relation of employer and employee" (§ 287.020(3)(1)), Employer asserts that DeVille made three critical admissions that

mandate reversal. Specifically, Employer points to DeVille's testimony that (1) nothing he did in performing his job caused him to turn right, (2) nothing he did connected with his work caused him to turn in an unusual, violent, or odd way, and (3) nothing he did in performing his job caused him to twist in any unusual fashion that produced the knee pop. Summarily stated, Employer argues DeVille's twisted knee "just happened[;]" "[it] had nothing to do with his work," and he could have been "anywhere talking to anyone."

■ Historically, it has been recognized that an employee does not have to be directly engaged in the task with which he is primarily charged as a condition precedent to recovering workers' compensation benefits. *Daniels v. Krey Packing Co.,* 346 S.W.2d 78, 83 (Mo.1961). Nor is it necessary that the activity leading to the injury be a part of an employee's specific job description. *Davison v. Florsheim Shoe Co.,* 750 S.W.2d 481, 484[8] (Mo.App. 1988). The rule in Missouri is that an injury is said to have occurred "in the course of employment" if it "occurs within the period of employment, at a place where the employee may reasonably be" and "while [he is either] reasonably fulfilling the duties of his employment or *is engaged in doing something incidental thereto.*" *Williams v. Transp. Int'l, Inc.,* 752 S.W.2d 501, 504[1] (Mo.App.1988) (emphasis supplied). In *Moore v. St. Joe Lead Co.,* 817 S.W.2d 542, it was stated:

"Incidental activities include the inevitable acts of human beings in ministering to their personal comfort while at work, such as warmth and shelter, heeding a call of nature, satisfying thirst and hunger, washing, resting or sleeping and preparing to begin or quit work."

*Id.* at 543.

Activities held to be "incidental to and not independent of the relation of employ-

er and employee" (§ 287.020(3)(1)) include those in *Drewes v. Trans World Airlines, Inc.*, 984 S.W.2d 512, 514 (Mo.banc 1999) (employee injured while eating lunch); *Cox v. Tyson Foods, Inc.*, 920 S.W.2d 534, 537 (Mo.banc 1996) (employee injured while walking across employer's parking lot toward workplace during a paid break); *Culberson v. Daniel Hamm Drayage Co.*, 286 S.W.2d 813, 817 (Mo.1956) (employee injured when he fell asleep during lunch break and failed to awaken at the end thereof); and *Moore*, 817 S.W.2d at 543 (employee injured while taking an unauthorized rest break by sitting on railroad track). The *Moore* court reasoned that "[t]he location of the accident was on the employer's premises where the employee might reasonably be expected to be and *he was engaged in an incidental activity, resting*, at the time of the accident." *Id.* at 543[1].

▪ We find DeVille's activity at the time of injury (turning to resume his post lunch break walk to his assigned work area after he had stopped to listen to a conversation between fellow employees) is essentially indistinguishable from the "eating lunch," "parking lot walk," "post lunch break nap," and "unauthorized rest" activities found to be incidental activities in *Drewes, Cox, Culberson,* and *Moore*, respectively. Relying on these cases, we hold DeVille was engaged in activity incidental to his employment at the time he sustained his injury. We reject Employer's arguments to the contrary.

Employer's point relied on also maintains Commission erred in awarding DeVille benefits because his "injury [was] idiopathic, purely independent of the relation between DeVille and [Employer], and hence DeVille's employment was not a substantial factor in causing the injury."

▪ The Workers' Compensation Law does not cover an event *entirely idiopathic* in nature. *Kasl*, 984 S.W.2d at 854. This follows because section 287.020.3(2)(d) states that to be compensable, the injury cannot come from a hazard or risk "unrelated to" employment. *Id.* "Among such hazards are 'idiopathic' conditions, those 'peculiar to the individual: innate.'" *Id.* Stated otherwise, because of the limiting language of section 287.020.3(2)(d), "injuries on the job, resulting from an idiopathic condition peculiar to the employee, are not covered." *Id.*

▪ Evidentiary support is required to successfully claim an event is entirely idiopathic, i.e., the event results from some cause personal to the individual, such as a physical defect or disease. *Wheaton v. Reiser Co.*, 419 S.W.2d 497, 502 (Mo.App. 1967). *See also Drewes*, 984 S.W.2d at 514. Here, Employer presented no such evidence.

▪ To the contrary, there was evidence DeVille had no right knee problems or restrictions before December 10, 1997. On that day, as DeVille "pivoted" to the right to go toward his work area—pivoting in the sense that his right foot did not move—he heard and felt a pop in his right knee and experienced pain on the inside thereof. Orthopedic physician Seagrave treated DeVille surgically for his right knee injury. He found the medial meniscus in this knee had been torn and concluded that DeVille "sustained a twisting injury to his right knee on 12/10/97 when he was at work."

In a similar vein, Dr. David Rogers did a pre-surgery evaluation of DeVille's right knee from which he concluded that DeVille had sustained a probable medial meniscus tear "when he was at work and twisted on the knee." Such evidence hardly bespeaks a finding that DeVille's injury was an idiopathic one. Any finding to this effect could be based only on speculation and

surmise. From the foregoing, it is at once apparent that Employer has failed to sustain its burden to show by substantial evidence that this was an idiopathic injury. We reject Employer's argument to the contrary.

Finally, Employer urges reversal of Commission's award because "as a matter of law, the Commission's holding that the injury arose out of DeVille's employment because DeVille had to walk from where he was standing to his own work area is an insufficient basis on which to award benefits." Continuing, albeit in conclusory fashion, Employer argues:

"DeVille's injury ... is purely 'independent of the relation of employer and employee.' [§ 287.020.3(1) ]. The employment was not 'a substantial factor in causing the injury.' [§ 287.020.3(2)(a) ]. Because DeVille concededly was not even working, the injury was not 'a natural incident of the work' [§ 287.020.3(2)(b) ], and it cannot 'be fairly traced to the employment as a proximate cause.' [§ 287.020.3(2)(c) ]. Instead, the injury could have happened at any time and any place, whether at Hiland Dairy or elsewhere, including DeVille's home, a store, or in the Division's hearing room itself. The injury thus stemmed from 'a hazard or risk unrelated to the employment to which [DeVille] would have been equally exposed outside of and unrelated to the employment in normal nonemployment life.' [§ 287.020.3(2)(d) ]."

To the extent this argument reprises Employer's first two claims of Commission error (DeVille was not working and the injury was idiopathic), we previously analyzed and rejected them. We did so by holding that (1) DeVille's activity, i.e., clocking in on Employer's premises, walking toward his work area, stopping to listen to conversations of fellow employees,

and then turning to resume his post lunch break walk to his work post, was incidental to his employment, and (2) there was no evidence that this was an idiopathic event.

To answer the rest of Employer's claim that DeVille's injury did not, as a matter of law, arise out of his employment, we need look only at *Drewes*, 984 S.W.2d 512. There, Drewes (the injured employee) was carrying her lunch through a break room, when she fell and injured her ankle. The principal issues in *Drewes*—as here—involved whether the accident arose out of employment and whether it occurred in the course of employment. As to the latter issue (course of employment), the court found "Drewes was tending to her personal comfort by carrying her lunch, when she fell. Her activity, eating lunch, was incidental to her employment." *Id.* at 514[4].

To resolve the former issue (whether injury arose out of Drewes' employment), the Supreme Court of Missouri looked at the four factors in section 287.020.3 and concluded:

"First, Drewes' act of carrying her lunch to the table was a 'substantial factor' in causing her injury. Second, the Commission found no evidence of an idiopathic condition 'innate or peculiar' to Drewes. Nor was there any evidence that the injury came from a hazard or risk that was 'unrelated to' Drewes eating lunch. Necessarily, Drewes was not 'equally exposed' outside of her employment to the risk of falling during her lunch break."

*Id.*

*Drewes* is factually distinguishable from this case only in that Drewes was walking toward a lunch table when she fell and injured herself, whereas DeVille was pivoting on his right leg as a prelude to walking toward his work area, and in doing so, twisted his knee and injured himself. In our view, this is a distinction without a

difference. Based on *Drewes* we find that (1) DeVille's act of turning to the right and "twisting" his knee as he started toward his work area was a "substantial factor" in causing his injury; (2) no idiopathic condition, innate or peculiar to DeVille, was proven; (3) no evidence existed that the injury came from a hazard or risk that was "unrelated to" DeVille's employment activity as described; and (4) necessarily, DeVille was not "equally exposed" outside of his employment to the risk of twisting his knee as he turned to leave the fellow employee conversation site and walk to his work area. Therefore, DeVille's accident arose out of his employment. We reject Employer's claims to the contrary. Point denied.

The Commission's award is affirmed.

PARRISH, P.J., and BARNEY, J., concur.