BARRY, INC., and Liberty Mutual
Insurance Company,
Appellants,

v.

Veronica FALK, Respondent.

No. WD 67081.

Missouri Court of Appeals,
Western District.

March 6, 2007.

Jo Stephanie Warmund, Kansas City, MO, for Appellant.

James Hayes Bell, Kansas City, for Respondent.

RONALD R. HOLLIGER, Presiding Judge.

Barry, Incorporated, and Liberty Mutual Insurance Company (collectively referred to as "Barry") appeal the trial court's judgment that Barry's request to interpret and construe a 1986 workers' compensation award was barred by res judicata. We find that Barry actually seeks to modify the award, not interpret it, and its request for that relief is an impermissible attempt to collaterally attack the award. Therefore, we affirm.

## FACTS

Employee Danny Falk, Sr., was injured and died as a result of an accident on June 15, 1982, while working for Barry, Inc. Mr. Falk's widow, Veronica Falk, filed a Claim for Compensation as a result of his death. The case was tried at a hearing and in 1984 the Administrative Law Judge ("ALJ") entered an Award of benefits to be paid to Mr. Falk's dependents. The ALJ cited to the 1978 version of section 287.240 (the death benefits statute), rather than the 1980 version (which was in effect at the time of the injury). The 1980 version of the statute contained a cap on damages that could be awarded, whereas the 1978 version did not. Neither party complained of this citation to the incorrect

statute. The Award was appealed to the Labor and Industrial Relations Commission ("Commission"). The Commission modified the wage calculation but affirmed the Award in all other respects ("the 1986 Award"). Barry did not complain on appeal to the Commission of the reference to the 1978 version of section 287.240. Neither party appealed the decision of the Commission. Thereafter, Barry, through its insurance carrier Liberty Mutual Insurance Company, began paying $174 per week to Mrs. Falk and her children. Barry continued paying until December of 2003, when they notified Mrs. Falk that the final payment had been made based on their calculation of the cap on death benefit awards under the 1980 version of the statute.

## PROCEDURAL HISTORY

After payments were stopped, Mrs. Falk wrote a letter to the Commission requesting a hearing or determination as to why benefits were stopped. In response, Barry filed its Notice of Employer/Insurer Compliance with Order, informing the Commission that benefits were stopped as the statutory cap of $195,000 (under the 1980 version of 287.240) had been reached. Barry asked the Commission to modify the award to change the reference to the 1978 version to the 1980 version of the statute. In June 2004, the Commission entered an Order stating that it lacked jurisdiction to amend the award because the time for appeal of the award had expired. Barry appealed that decision, and this court held that the Commission lacked jurisdiction to modify the Award. Because the Commission lacked jurisdiction so did this court,

and the appeal was dismissed. *Falk v. Barry, Inc.*, 158 S.W.3d 327, 328 (Mo.App. W.D.2005).

After the Commission's June 2004 determination that it lacked jurisdiction, Mrs. Falk filed a motion pursuant to section 287.500 [1] to enforce the 1986 Award. The circuit court issued judgment (the Dean judgment) against Barry ordering the payment of back benefits. Barry's motion to set aside that judgment was denied and its appeal to this court was denied for being untimely. In March 2005, Mrs. Falk filed a second motion pursuant to section 287.500 to enforce the 1986 Award. The circuit court (the Clark judgment) again entered judgment against Barry. Barry's motion to set aside that judgment was also denied and no appeal was taken.

The day after we handed down our decision on Barry's appeal from the Commission refusal to modify the award, Barry filed a declaratory judgment action. Barry asked the court to declare the rights of the parties under the 1986 Award and hold that the 1980 version of the death benefits statute applied and that Barry had, therefore, satisfied all obligations under the award. The court held in favor of Mrs. Falk and ordered Barry to continue paying benefits until Mrs. Falk remarries or dies. Barry now appeals.

## ANALYSIS

On appeal, Barry argues that the issue of the applicability of the cap has not been decided on its merits prior to the current declaratory judgment proceeding and asks the court to decide which version of the death benefits statute applies.

1. ` "Any party in interest may file in the circuit court of the county in which the accident occurred, a certified copy of a memorandum of agreement approved by the division or by the commission or of an order or decision of the division or the commission, or of an award of the division or the commission from which an application for review or from which an appeal has not been taken, whereupon said court shall render judgment in accordance therewith and notify the parties." Section 287.500

The dispositive issue on appeal is whether Barry's declaratory judgment constitutes an impermissible collateral attack upon the final 1986 Award. We believe that it does. "The final award of the commission shall be conclusive and binding unless either party to the dispute shall, within thirty days from the date of the final award, appeal the award to the appellate court." Section 287.495 "A Workers' Compensation award adjudicates the rights of the parties as effectively as a judgment of a court of law...." *Brown v. Color Coating, Inc.*, 867 S.W.2d 242, 244 (Mo.App. S.D.1993). "Where a judgment is attacked in other ways than by proceedings in the original action to have it vacated or reversed or modified or by a proceeding in equity to prevent its enforcement, the attack is a 'collateral attack.'" *Flanary v. Rowlett*, 612 S.W.2d 47, 49 (Mo.App. W.D.1981) (quoting Restatement of Judgments, Section 11, Comment a). "A judgment rendered by a court having jurisdiction of the parties and subject matter ... is not open to collateral attack in respect of its validity or conclusiveness of the matters adjudicated. Neither may such a judgment be collaterally attacked on account of mere irregularities or errors even when these appear on the face of the record." *State ex Inf. Voigts v. City of Pleasant Valley*, 453 S.W.2d 700, 704 (Mo.App. W.D.1970) (citations omitted).

The circuit court held that Barry's claim was barred by its failure to raise it in the first 287.500 enforcement action (the Dean judgment). Barry argues that it cannot be barred by that judgment for a variety of reasons. We need not decide that issue. We will affirm a correct judgment of the circuit court even if made for the wrong reason. *Business Men's Assurance Co. v. Graham*, 984 S.W.2d 501, 506 (Mo. banc 1999). We believe that the opportunity to correct the award was lost when Barry failed to appeal the Commission's award in 1986.

In *Cantrell v. City of Caruthersville*, 267 S.W.2d 646, 648 (Mo.1954), the Supreme Court of Missouri stated that "an action for a declaratory judgment cannot be used as a subterfuge for, or for the veiled purpose of relitigating a question as to which a former judgment is conclusive." (Citations omitted.) In *Cantrell*, the plaintiffs alleged that they were the owners of an alley and sought a declaratory judgment declaring that the defendant-City could not exercise its right to control the alley. Id. at 647–48. However, it had previously been determined that the City had title to an easement over the alley in *Cantrell v. City of Caruthersville*, 249 S.W.2d 425, and, therefore, the Court affirmed the order and judgment of abatement and dismissal.

A similar result was reached in *Flanary*, where the appellant filed a petition for declaratory judgment, seeking to have a provision in a separation agreement and incorporated in a decree for dissolution declared an unreasonable restraint on alienation. 612 S.W.2d at 48. The appellant and respondent had filed a petition for dissolution of marriage. Id. A written separation agreement was also entered into, which contained provisions regarding the division of marital property. Id. The decree of dissolution contained a finding that the separation agreement was "not unconscionable" and its terms were incorporated into the decree of dissolution. Id. Neither party appealed nor filed any post trial motions. Id. About three years later the appellant filed a petition for declaratory judgment, seeking to have a provision of the separation agreement (and incorporated into the decree of dissolution) declared an unreasonable restraint on alienation. Id. The court refused, stating that

appellant's "petition for declaratory judgment was, purely and simply, and unwarranted attempt to collaterally attack the final decree of dissolution." Id. at 51. The court explained that the appellant had three opportunities to question the provision: before she signed the separation agreement; when it was presented to the trial court during the dissolution proceedings; and by timely filing an appeal from the decree of dissolution. Id. at 50. Appellant failed to question the provision at the appropriate time and in the appropriate forum. The court would not allow the declaratory judgment action to collaterally attack "an issue to which a former final judgment is conclusive." Id.

The Award is, on its face, conclusive of the issue of whether the 1980 cap applied. Beside Mrs. Falk's name on the Award on Hearing there is a space where, if there was a limitation or cap as to the number of weeks she could expect to receive death benefits, a number could be inserted. There is no number on the line indicating a limitation on the number of weeks she was to be paid death benefits. However, there is an asterisk which states "see additional findings of facts for weekly benefits due dependents." The findings of facts make no limitation on the number of weeks that Mrs. Falk was to receive death benefits and states that the death benefits are to be paid under and according to Section 287.240, RSMo 1978.

■ However, "a judgment void on its face is entitled to no respect, binds no one and may be collaterally attacked 'whenever or wherever it comes in the way.'" *City of Pleasant Valley*, 453 S.W.2d at 704. "A judgment may be void because the record discloses on its face that the court exceeded its jurisdiction...." *LaPresto v. LaPresto*, 285 S.W.2d 568, 570 (Mo.1955). Furthermore, "[a] judgment which is indefinite is void and unenforceable."

*Brown*, 867 S.W.2d at 244. Barry makes no argument that the Commission lacked jurisdiction of the parties or the subject matter when it affirmed the 1986 Award. Nor do they argue that the 1986 Award is indefinite. The Award is not subject to attack as void.

The facts are undisputed that the ALJ awarded weekly death benefits to Mrs. Falk and her children. The Commission affirmed the 1986 Award (except a slight modification in the manner in which wages were to be computed) and did not impose any cap or limitation on the amount of death benefits Mrs. Falk was to receive. No appeal was taken and, therefore, the Award became final after thirty days. The Commission's award "adjudicates the rights of the parties as effectively as judgment of the court of law." Id. Had Barry believed that the Award, through omission or mistake, relied upon the wrong statute or incorrectly failed to include a cap on benefits, it was obligated to raise that issue on a direct appeal.

■ In her brief, Mrs. Falk asks this court to award damages under Rule 84.19, arguing that Barry's appeal is frivolous. "The purpose of sanctions under Rule 84.19 is two fold: (1) to prevent congestion of appellate court dockets with meritless cases which, by their presence, contribute to delaying resolution of meritorious cases and (2) to compensate respondents for the expenses they incur in the course of defending these meritless appeals." *Capital One Bank v. Hardin*, 178 S.W.3d 565, 577 (Mo.App. W.D.2005) (internal quotation marks and citation omitted). However, the court "will award damages under Rule 84.19 only with great caution." Id. (internal quotation marks and citation omitted). We do not find that Barry's appeal is frivolous or "is totally devoid of merit."

Id. at 578. (internal quotation marks and citation omitted). Point denied.

The judgment is affirmed.

PAUL M. SPINDEN, Judge, and LISA WHITE HARDWICK, Judge, concur.