

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| GARY R. PACE, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | WD77976 |
| | ) | |
| CITY OF ST. JOSEPH, | ) | Opinion filed: April 21, 2015 |
| | ) | |
| Respondent. | ) | |

**APPEAL FROM THE CIRCUIT COURT OF BUCHANAN COUNTY, MISSOURI**
**THE HONORABLE RANDALL R. JACKSON, JUDGE**

Before Division Two: Lisa White Hardwick, Presiding Judge,
Victor C. Howard, Judge and Cynthia L. Martin, Judge

Gary Pace brought a declaratory judgment action against the City of St. Joseph seeking to determine the rights of the parties under a workers' compensation award, specifically who has the right to select Mr. Pace's medical providers for his future care. On cross-motions for summary judgment, the trial court entered summary judgment in favor of the City finding that the award authorized the City to select Mr. Pace's medical providers for his future care. On appeal, Mr. Pace argues that the trial court misinterpreted the award and that under Missouri law, the City permanently waived its statutory right to select his treating doctors. The judgment is affirmed.

Appellate review of the grant of summary judgment is *de novo*. *ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Summary judgment will be upheld on appeal if the movant is entitled to judgment as a matter of law and no genuine issues of material fact exist. *Id.* at 377. The facts in this case are not disputed; the issue is whether the City was entitled to judgment as a matter of law.

In August 2011, the Labor and Industrial Relations Commission entered a final award of workers' compensation benefits for Mr. Pace for an injury he sustained in a workplace accident on December 9, 2002. Under the section of the award entitled "Liability for Past Medical Expenses," the Commission found that Mr. Pace's past medical care represented by medical bills in the amount of $16,465.84 was reasonably necessary to cure and relieve him of the effects of the workplace injury. It further found that the City had notice of Mr. Pace's injuries and refused to provide medical treatment and that the City should pay for Mr. Pace's past medical bills. The section of the award entitled "Liability for Future Medical Aid" included a finding that Mr. Pace will need future medical care including chronic pain management. The award provided, "Employer is directed to authorize and furnish additional medical treatment to cure and relieve Claimant from the effects of his December 9, 2002 work injury (Injury Number 02-134660), in accordance with Section 287.140, RSMo."

The City appealed the Commission's determination that Mr. Pace was entitled to permanent and total disability benefits for the injury he sustained on December 9, 2009. It did not raise any issues regarding its liability for future medical care. Mr. Pace did not appeal the final award. This court affirmed the Commission's final award in *Pace v. City of St. Joseph*, 367 S.W.3d 137 (Mo. App. W.D. 2012). Thereafter, Mr. Pace registered the award as a judgment in the Circuit Court of Buchanan County pursuant to section 287.500, RSMo 2000.

2

When a dispute arose between the parties over who has the right to select the medical providers for Mr. Pace's future medical treatment, Mr. Pace filed a petition for declaratory judgment seeking a determination on the issue. The parties filed cross-motions for summary judgment. Mr. Pace asked the trial court to declare that the City had waived its right to select his doctors and that he may select his own doctors for the medical care ordered in the award and require the City to pay for the treatment. The City asked the trial court to interpret and enforce the award in accordance with section 287.140 and declare that it has the right to select Mr. Pace's physicians for future medical care. The trial court granted the City's motion for summary judgment and denied Mr. Pace's motion. It declared that under the award and section 287.140, the City is authorized to select medical providers for Mr. Pace's future care. This appeal by Mr. Pace followed.

In his two points on appeal, Mr. Pace argues that the trial court erred in granting summary judgment in favor of the City. He contends that under Missouri law, the City permanently waived its statutory right to select his treating doctors when it refused to provide medical treatment after he suffered his workplace injury and that permitting the City to select his doctors now is inconsistent with the law on waiver. He further contends that the trial court misinterpreted the final award because the award does not expressly restore the City's right to select and the ALJ and Commission did not have power to restore the right to select after the City waived it. Finally, he argues that the award is ambiguous and should be interpreted as a whole to mean that the City has a duty to provide medical care but not the right to select health care providers. Mr. Pace's arguments are addressed together.

A workers' compensation award adjudicates the rights of the parties as effectively as a judgment of a court of law. *Barry, Inc. v. Falk*, 217 S.W.3d 317, 320 (Mo. App. W.D. 2007).

3

"The general rules of construction for written instruments are used to construe court judgments." *Schumacher v. Austin*, 400 S.W.3d 364, 370 (Mo. App. W.D. 2013)(internal quotes and citation omitted). "When the language of the judgment is plain and unambiguous there is no room for construction or interpretation, and the effect thereof must be declared in the light of the literal meaning of the language used." *Id.* (internal quotes and citation omitted). Similarly, the primary rule of statutory construction is to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider the words in their plain and ordinary meaning. *Stolov v. Jackson Co. Sch. Dist. C-1 of Hickman Mills*, 408 S.W.3d 218, 225 (Mo. App. W.D. 2013). "If a statute is clear and unambiguous, the court should apply the statute in accordance with its plain and ordinary meaning and should not engage in statutory construction." *Id.*

Regarding future medical care, the final award provided, "Employer is directed to authorize and furnish additional medical treatment to cure and relieve Claimant from the effects of his December 9, 2002 work injury (Injury Number 02-134660), in accordance with Section 287.140, RSMo." This clear and unambiguous language directed the employer to furnish Mr. Pace's future medical treatment in compliance with section 287.140. Section 287.140.1 provides, "[T]he employee shall receive and the employer shall provide such medical, surgical, chiropractic, and hospital treatment, including nursing, custodial, ambulance and medicines, as may reasonably be required after the injury or disability, to cure and relieve from the effects of the injury." Section 287.140.10 provides, "The employer shall have the right to select the licensed treating physician, surgeon, chiropractic physician, or other health care provider." The clear and unambiguous language of section 287.140 charges an employer with the duty of providing an injured employee with needed medical care but gives the employer control over the

4

selection of a medical provider. Therefore, under the clear and unambiguous language of the Commission's award, the City has a duty to provide future medical treatment for Mr. Pace and has the right to select the treating providers.

Mr. Pace cites two cases, *Schuster v. State Division of Employment Security*, 972 S.W.2d 377 (Mo. App. E.D. 1998), and *Balsamo v. Fisher Body Division-General Motors Corp.*, 481 S.W.2d 536 (Mo. App. 1972), in arguing that an employer's waiver of its statutory right to select an employee's medical providers before an award is entered survives the award and is permanent. In those cases, the Commission's awards expressly awarded the employees future nursing services provided by their wives and ordered the employers to pay for such services. *Schuster*, 972 S.W.2d at 384; *Balsamo*, 481 S.W.2d at 538. On direct appeals from the Commission's awards, the employers in the cases argued that the Commission's awards violated their rights to select the medical providers under section 287.140.10. *Id.* The appellate courts found that the Commission's awards were supported by evidence that the employers had waived their rights to select the employees' medical providers when they failed to provide needed care. *Schuster*, 972 S.W.2d at 385; *Balsamo*, 481 S.W.2d at 539.

The substance and procedural posture of *Schuster* and *Balsamo* are, however, distinguishable from the instant case. Unlike in those cases, the Commission's final award in this case did not award Mr. Pace future medical treatment by providers of his choice based on the City's permanent waiver of its right to select the providers. The waiver of the right to select medical providers was specifically limited to past medical expenses. The award did not address waiver under the "Liability for Future Medical Aid" section. In discussing Mr. Pace's future medical care, the Commission specifically incorporated section 287.140, which includes subsection 10 that gives the employer the right to select medical providers. The Commission's

5

award did not limit the City's right to authorize and furnish future medical treatment as argued by Mr. Pace.

Furthermore, *Schuster* and *Balsamo* involved direct appeals addressing the propriety of the Commission's award. To the contrary, the instant case began as a declaratory judgment action seeking a determination of the rights of the parties under the workers' compensation award, specifically who has the right to select Mr. Pace's medical providers for his future care. To the extent that Mr. Pace's declaratory judgment action sought to rewrite the Commission's award to find that the City waived the right to select providers for Mr. Pace's future care, the action constituted an impermissible collateral attack upon the 2011 final award. As stated above, a workers' compensation award adjudicates the parties' rights as effectively as a judgment. *Barry*, 217 S.W.3d at 320. "Where a judgment is attacked in other ways than by proceedings in the original action to have it vacated or reversed or modified or by a proceeding in equity to prevent its enforcement, the attack is a collateral attack." *Id.* (internal quotes and citation omitted). "A judgment rendered by a court having jurisdiction of the parties and subject matter is not open to collateral attack in respect of its validity or conclusiveness of the matters adjudicated." *Id.* (internal quotes and citation omitted). Specifically, a declaratory judgment action "'cannot be used as a subterfuge for, or for the veiled purpose of relitigating a question as to which a former judgment is conclusive.'" *Id.* (quoting *Cantrell v. City of Caruthersville*, 267 S.W.2d 646, 648 (Mo. 1954)).

The 2011 final award is, on its face, conclusive of the issue of who has the right to select Mr. Pace's medical providers for his future care. While the City appealed other aspects of the award to this court, Mr. Pace did not file a cross-appeal and did not raise the issue of future medical care on direct appeal. The award was affirmed on appeal in May 2012, and this court's

6

decision became final when the mandate issued in June 2012. *See Amburn v. Aldridge*, 296 S.W.3d 32, 33 (Mo. App. W.D. 2009)(an appellate court decision is considered final at the time the mandate issued). All of Mr. Pace's arguments on appeal based on waiver under the workers' compensation law and Missouri law in general and the ALJ's and Commission's power to restore the City's right to select after the City's waiver should have been raised on direct appeal of the award. The trial court correctly determined and declared that, under the Commission's final award, the City is authorized to select medical providers for Mr. Pace's future care.[1] The points are denied.

The summary judgment of the trial court is affirmed.

_____
VICTOR C. HOWARD, JUDGE

All concur.

---

[1] If the City fails in its duty to provide future medical care to Mr. Pace as directed in the final award, the workers' compensation law provides him remedies. Section 287.140.2 allows determinations as to the propriety or effectiveness of particular treatment provided by an employer. *Noel v. ABB Combustion Eng'g*, 383 S.W.3d 480, 484-85 (Mo. App. E.D. 2012). It provides that if the requirement to provide medical treatment is being furnished in such a manner as to endanger the life, health, or recovery of the employee, the division or commission "may order a change in the physician, surgeon, hospital or other requirement." *Mickey v. City Wide Maint.*, 996 S.W.2d 144, 148 (Mo. App. W.D. 1999)(quoting §287.140.2), *overruled on other grounds by Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220 (Mo. banc 2003). Furthermore, while an employer is given control over the selection of the employer's medical providers, if it is on notice that the employee needs treatment and fails or refuses to provide it, the employee may select his own provider and hold the employer liable for the costs thereof. *Martin v. Town and Country Supermarkets*, 220 S.W.3d 836, 844 (Mo. App. S.D. 2007).