

# Missouri Court of Appeals

## Southern District

### Division Two

JANET ANHALT,                                    )
                                                 )
        Respondent,                           )
                                                 )
  v.                                         )  No. SD34420
                                                 )
PENMAC PERSONNEL SERVICES, INC.,                 )  FILED: December 19, 2016
and ACE AMERICAN INSURANCE COMPANY,              )
                                                 )
        Appellants.                           )

### APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS COMMISSION

### REVERSED AND REMANDED

*(Before Rahmeyer, J., Scott, J., and Francis, J.)*

PER CURIAM.  In this workers compensation appeal, Penmac complains that the Commission awarded benefits on a liability theory Claimant never raised before the ALJ or in seeking Commission review.[1]  "[E]ven if the Commission could properly consider non-appealed matters ... it could not do so without appropriate notice and opportunity to be heard." **Nolan v. Degussa Admixtures, Inc.**, 246 S.W.3d 1, 5 (Mo.App. 2008); *see also* **Mell v. Biebel Bros., Inc.**, 247 S.W.3d 26, 32 (Mo.App.

---

[1] The parties referred to themselves as "Claimant" and "Penmac" in their appellate briefs and we do likewise.  The "Commission" is the Labor and Industrial Relations Commission.  Statutory citations are to RSMo chapter 287 as amended through 2008.

2008); ***Stonecipher v. Poplar Bluff R1 School Dist.***, 205 S.W.3d 326, 332-33 (Mo.App. 2006).  We reverse and remand for further proceedings.

We summarize only the background needed to understand why we rule as we do.  Penmac, a personnel staffing service, employed Claimant to perform seasonal or temporary services for Penmac's clients, including a food plant ("Reckitt").  After working her Reckitt shift one winter day, Claimant slipped on ice, fell, and was injured while walking to her car in Reckitt's parking lot.

Claimant pursued a workers' compensation claim against Penmac.  The parties agreed that Penmac employed Claimant, but Reckitt owned and controlled the parking lot, facially barring relief because after-work injuries generally are not compensable and an extended-premises exception now lies only if *the employer* owns or controls the site of the accident.  *See **Scholastic, Inc. v. Viley***, 452 S.W.3d 680, 683-84 (Mo.App. 2014) (citing § 287.020.5).

To quote the ALJ's decision, Claimant's theory around this problem was that Reckitt "also was her *statutory employer*" per § 287.040, so "her injury on the *statutory employer's* property is compensable under the extended premises doctrine."  The ALJ rejected this theory and denied the claim.

Claimant sought Commission review, specifically challenging the ALJ's rejection of her statutory-employer theory of liability.  The Commission ignored *that* issue, but reversed the ALJ and awarded benefits on a theory Claimant never asserted or suggested; *i.e.*, Reckitt's "joint control" or "joint benefit" reflecting "joint service" per principles cited in ***Leach v. Bd. of Police Comm'rs***, 118 S.W.3d 646 (Mo.App. 2003), and ***Shurvington v. Cavender Drywall***, 36 S.W.3d 432 (Mo.App. 2001).

2

The Commission indicated that it had tipped its hand on this during the parties' oral argument, but denied Penmac's request to remand for additional evidence as to the new theory.  We agree with Penmac that this refusal to remand was error.

On appeal, Claimant seeks to justify the Commission's "injecting" the new **Leach/Shurvington** basis for liability, and opines that "no legal authority … suggests the Commission is limited in its decision-making authority to only that legal theory offered by the proponent on review of a singular issue."  Such arguments miss the mark.  As in prior cases, we need not decide whether the Commission can reach a non-appealed issue "because [**Stonecipher**'s] holding regarding the due process requirement in section 287.470 is dispositive here."  **Mell**, 247 S.W.3d at 32; *see also* **Stonecipher**, 205 S.W.3d at 331-33.  Whether or not the Commission can reach non-appealed issues, "[d]ue process, in Missouri workers' compensation cases and elsewhere, contemplates the opportunity to be heard at a meaningful time and in a meaningful manner."  **Nolan**, 246 S.W.3d at 5.[2]

We need not elaborate or reach Penmac's other points.  The Final Award is reversed and the case is remanded to the Commission for further proceedings consistent herewith.

---

[2] Marked differences between Claimant's § 287.040 theory of statutory employment and the Commission's **Leach/Shurvington** approaches are easily seen by reviewing the latter cases. Claimant does not deny the differences, which also are illustrated by **DiMaggio v. Johnston Audio/D & M Sound**, 19 S.W.3d 185, 188-90 (Mo.App. 2000), *reversed on other grounds by* **Hampton v. Big Boy Steel Erection**, 121 S.W.3d 220, 225 (Mo. banc 2003).