SUPREME COURT OF MISSOURI
 en banc
WALTER JACK STATEN, ) Opinion issued June 29, 2021
 )
 Appellant, )
 )
v. ) No. SC98780
 )
STATE OF MISSOURI, )
 )
 Respondent. )

 APPEAL FROM THE CIRCUIT COURT OF COOPER COUNTY
 The Honorable Robert L. Koffman, Judge

 Walter Jack Staten appeals the motion court’s overruling of his Rule 24.035

amended motion. Finding the motion court’s findings of fact and conclusions of law are

not clearly erroneous, this Court affirms the motion court’s judgment.

 Factual and Procedural History

 In 2011, Staten was indicted on charges of second-degree murder, armed criminal

action, and unlawful possession of a firearm. In June 2012, Staten pleaded guilty to a

reduced first-degree involuntary manslaughter charge and armed criminal action. 1 The

circuit court sentenced Staten to two consecutive terms of 15 and 25 years’ imprisonment.

1
 The State dismissed the unlawful possession of a firearm charge.
 In September 2012, Staten filed a pro se Rule 24.035 motion to vacate, set aside, or

correct the judgment and sentence entered in 2012. Staten’s motion was filed in the

underlying criminal case. 2 In October of 2012, the motion court issued findings of fact and

conclusions of law granting Staten’s pro se motion, setting aside his guilty plea, vacating

the criminal judgment and sentence, and reinstating the three original charges.

 In 2013, Staten pleaded guilty to the reinstated second-degree murder and armed

criminal action charges. 3 In April 2014, the court sentenced Staten to concurrent terms of

life and 30 years’ imprisonment.

 In June of 2014, Staten filed a Rule 24.035 pro se motion again seeking to set aside

his guilty plea and vacate his judgment and sentence. This time, Staten’s pro se motion

was filed in a separate case identified with a case number associated with a civil action.

Staten’s post-conviction counsel filed an entry of appearance and subsequently filed an

amended Rule 24.035 motion in October 2014. 4

2
 Staten used the Office of State Courts Administrator’s form CV145 to file his pro se
motion. Form CV145 tracks Form 40 from this Court’s Rules of Criminal Procedure.
These two forms reserve a blank space on the top front page for a case number to be
assigned to the motion. It is not uncommon for a litigant acting without counsel to include
the underlying criminal case number in this space when preparing the motion utilizing these
forms. Likewise, it is not uncommon for court clerks to file the pro se motion in the case
number identified in the motion.
3
 The State again dismissed the unlawful possession of a firearm charge.
4
 The motion court held an evidentiary hearing on Staten’s amended motion and overruled
it in November 2016. Staten appealed. The court of appeals reversed the motion court’s
judgment finding the amended motion untimely. The court of appeals remanded for the
court to determine whether Staten was abandoned by his post-conviction counsel. On
remand, the motion court found Staten had been abandoned by post-conviction counsel and
subsequently considered Staten’s amended motion.
 2
 In April 2019, the motion court entered a judgment overruling Staten’s amended

motion and issuing findings of fact and conclusions of law. Staten appealed. After an

opinion by the court of appeals, this Court granted transfer. Mo. Const. art. V, § 10.

 Analysis

 Staten advances two claims on appeal. Staten first argues the circuit court lacked

jurisdiction to accept his guilty plea to second-degree murder and armed criminal action in

2013. Specifically, Staten claims the motion court’s judgment setting aside his guilty plea,

vacating the criminal judgment and sentence, and reinstating the charges in 2012 was void

because his original Rule 24.035 pro se motion was filed and disposed in the underlying

criminal case instead of a separate civil case number. According to Staten, because the

motion court’s judgment vacating his sentence and reinstating the charges in 2012 was

void, the circuit court lacked jurisdiction and could not accept his guilty plea to the

reinstated charges in 2013. Staten also alleges his counsel was ineffective. Specifically,

Staten claims his counsel failed to object to the circuit court’s lack of jurisdiction based on

the post-conviction procedure employed to adjudicate the 2012 Rule 24.035 motion and

this failure to object subjected Staten to double jeopardy. Because the motion court did

not lack jurisdiction in adjudicating his post-conviction motion in 2012 and his ineffective

assistance of counsel claim depends on the success of his first claim, both claims fail.

 3
 Standard of Review

 This Court reviews the denial of a motion for post-conviction relief for clear error.

Swallow v. State, 398 S.W.3d 1, 3 (Mo. banc 2013); see also Rule 24.035(k). “A judgment

is clearly erroneous when, in light of the entire record, the court is left with the definite and

firm impression that a mistake has been made.” Swallow, 398 S.W.3d at 3. When

reviewing the denial of post-conviction relief, this Court interprets the facts “‘in the light

most favorable to the verdict.’” Storey v. State, 175 S.W.3d 116, 125 (Mo. banc 2005)

(quoting State v. Tokar, 918 S.W.2d 753, 761 (Mo. banc 1996)). The movant bears the

burden of proof, Rule 24.035(i), as “[a] post-conviction relief ruling is presumed correct.”

Forrest v. State, 290 S.W.3d 704, 708 (Mo. banc 2009).

 A litigant seeking post-conviction relief for ineffective assistance of counsel must

satisfy the two-pronged test enumerated in Strickland v. Washington, 466 U.S. 668 (1984).

See State v. Simmons, 955 S.W.2d 729, 746 (Mo. banc 1997). First, the defendant must

show trial counsel failed to exercise the level of skill, care, and diligence practiced by a

reasonably competent attorney in a similar situation; second, the defendant must show the

trial counsel’s failure prejudiced the defendant. Id. If the defendant “fails to satisfy either

prong, we need not consider the other.” Id.

 The Motion Court’s Post-Conviction Jurisdiction

 Relying on several cases from this Court, Staten speciously contends the circuit

court lacked jurisdiction to accept his guilty plea in 2013 and sentence him in 2014. Citing

State ex rel. Zahnd v. Van Amburg, 533 S.W.3d 227 (Mo. banc 2017), Staten claims the

motion court exhausted its jurisdiction after it imposed sentence in 2012 in the underlying

 4
criminal case. See id. at 230 (quoting State ex rel. Simmons v. White, 866 S.W.2d 443, 445

(Mo. banc 1993)) (“A circuit court “exhausts its jurisdiction” over a criminal case once it

imposes sentence …. [A]ny action taken by a circuit court after sentence is imposed is a

‘nullity’ and ‘void’ unless specifically authorized by law.”). Staten maintains there was no

express provision authorizing the 2012 post-conviction motion in the underlying criminal

case, and the court lacked authority to set aside his guilty plea, vacate the original criminal

judgment and sentence, and reinstate the three original charges. Citing Dorris v. State, 360

S.W.3d 260 (Mo. banc 2012), Staten also reasons a Rule 24.035 motion constitutes a

collateral attack on a judgment. See id. at 269 (quoting White v. State, 939 S.W.2d 887,

893 (Mo. banc 1997)) (“Rule 29.15 and 24.035 motions represent a ‘collateral attack on a

final judgment of a court.’”). Because the motion court acted under the underlying criminal

case number to grant his pro se Rule 24.035 motion, Staten insists the motion court’s ruling

on that motion did not constitute a collateral attack on his underlying criminal conviction.

Staten claims this precluded the motion court’s authority to take any action invalidating

the original plea and sentence imposed in 2012. Finally, relying on Vogl v. State, 437

S.W.3d 218 (Mo. banc 2014), Staten states, “harmonizing this Court’s Rules with its

understanding that postconviction motions commence an independent civil action means a

post-conviction motion must always be filed and adjudicated in a new case file.” See id.

at 225 (“Vogl’s pro se motion was an initial pleading commencing an independent civil

action.”). Based on Zahnd, Dorris, and Vogl, Staten avers the motion court’s vacatur of

his original guilty plea and sentence in 2012 was invalid. Staten contends this rendered the

circuit court’s subsequent action in his underlying criminal case void as well.

 5
 But Zahnd, Dorris, and Vogl do not support Staten’s argument; rather, these cases

refute it. While Zahnd does state “a circuit court ‘exhausts its jurisdiction’ over a criminal

case once it imposes a sentence[,]” Zahnd also specifically recognizes the circuit court

retains jurisdiction to consider post-conviction motions “authorized by law.” Zahnd, 533

S.W.3d at 230 (quoting Simmons, 866 S.W.2d at 445). The circuit court, therefore, retains

jurisdiction to consider post-conviction motions sought and authorized by the procedure

set forth in Rule 24.035. Simmons, 866 S.W.2d at 445 (A circuit court adjudicating a

criminal case “can take no further action in that case except when otherwise expressly

provided by statute or rule. See, for example, Rule 24.035 .…”) (emphasis added).

Therefore, the circuit court possessed jurisdiction to consider Staten’s initial pro se Rule

24.035 motion in 2012.

 Though it was filed and adjudicated in the underlying criminal case, Staten’s initial

Rule 24.035 motion was, and clearly functioned as, an independent, post-conviction

collateral attack of Staten’s 2012 criminal judgment and sentence. Rule 24.035(a)

provides,

 A person convicted of a felony on a plea of guilty claiming … ineffective
 assistance of trial and appellate counsel, [or] that the court imposing the
 sentence was without jurisdiction to do so … may seek relief in the
 sentencing court pursuant to the provisions of this Rule 24.035. This Rule
 24.035 provides the exclusive procedure by which such person may seek
 relief in the sentencing court for the claims enumerated. The procedure to be
 followed for motions filed pursuant to this Rule 24.035 is governed by the
 rules of civil procedure insofar as applicable.

 As Staten notes, Rule 24.035(a) provides “the exclusive procedure” for adjudicating

post-conviction motions in the sentencing court following a guilty plea. The rule, however,

 6
is silent as to whether it authorizes the motion court to adjudicate the post-conviction

motion in a new case with a different identifying civil case number or whether the court

may do so under the underlying criminal case number. The rule merely mandates that the

civil rules of procedure govern the adjudication of the motion, and Staten does not allege

the court failed to adjudicate the motion according to civil procedure. While this Court has

suggested, and it is most certainly preferred, that Rule 24.035 motions be filed and pursued

in a separate civil action to demonstrate the collateral nature of the proceeding, Vogl, 437

S.W.3d at 225, Staten does not point to any language in Vogl, Dorris, or any other case that

requires a proceeding constituting a collateral attack on a court judgment to be filed and

adjudicated under a separate case number from the underlying case. Nor can Staten supply

language from these cases prohibiting a motion court from considering and disposing of a

timely filed Rule 24.035 motion in a case number that tracks the underlying criminal case,

as long as the procedure set out in the rule is properly followed. 5

 This Court is loath to find the motion court lacked jurisdiction just because the case

number affixed to the judgment contained the same letters and numbers as the underlying

criminal action when the Rule 24.035 motion was otherwise legally considered and

disposed of as an independent, civil, post-conviction motion in every possible way. Such

5
 Staten also cites Pace v. City of St. Joseph, 458 S.W.3d 870, 874 (Mo. App. 2015) and
State ex rel. Van Hafften v. Ellison, 285 Mo. 301, 226 S.W. 559 (Mo. banc 1920), in support
of his argument that his initial Rule 24.035 motion was not a collateral attack on the
underlying criminal judgment and sentence because the motion was filed in the underlying
criminal case. But like Vogl and Dorris, these cases do not specifically hold that a
judgment could not be collaterally attacked in a post-conviction proceeding denominated
by a case number associated with the underlying criminal judgment.
 7
a finding would prioritize form over substance. A motion court possesses jurisdiction over

timely filed Rule 24.035 motions, and such motions constitute “‘collateral attack[s] on a

final judgment of a court’” regardless of the case number employed in the proceeding.

McKay v. State, 520 S.W.3d 782, 784 (Mo. banc 2017) (quoting Dorris, 360 S.W.3d at

269). For these reasons, this Court finds no clear error, Swallow, 398 S.W.3d at 3, and

denies Staten’s first point.

 Ineffective Assistance

 Staten’s arguments supporting his ineffective assistance claim suffer a similar fate.

Based on the reasoning refuted above, Staten contends his counsel was ineffective in failing

to object to the circuit court’s final judgment and sentence because the motion court lacked

jurisdiction to set aside and vacate Staten’s original plea, conviction, and sentence. Staten

further alleges his counsel was ineffective in failing to object to the motion court’s

judgment and sentence because the court’s invalid vacatur and institution of a new finding

of guilt and sentence constituted multiple punishment that violated his rights under the

Missouri and United States constitutions to be free from double jeopardy.

 As discussed above, because the motion court did not invalidly set aside and vacate

Staten’s underlying criminal plea, conviction, and sentence in 2012, his post-conviction

counsel was not ineffective under either argument Staten advances. Because Staten cannot

show his trial counsel failed to exercise the same level of skill and diligence practiced by

a reasonably competent attorney in a similar situation, or that he was prejudiced in any

way, this point too is denied. Simmons, 955 S.W.2d at 746.

 8
 For these reasons, the motion court’s judgment is affirmed.

 ___________________
 W. Brent Powell, Judge

Draper, C.J., Wilson, Russell, Breckenridge and Fischer, JJ., concur.
Ransom, J., not participating

 9